# In re N-K- & V-S-, Applicants

*Decided March 13, 1997*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A claim of ineffective assistance of counsel can, if the applicant meets the requirements set forth in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), form the basis of a successful motion to reopen exclusion proceedings where the applicant was ordered excluded in an in absentia hearing.

FOR THE APPLICANT: Robert B. Jobe, Esquire, San Francisco, California

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: James S. Stolley, Jr., Assistant District Counsel

BEFORE: Board Panel: SCHMIDT, Chairman; HURWITZ, ROSENBERG, Board Members.

ROSENBERG, Board Member:

In separate decisions dated March 14, 1991, entered following individual hearings held in absentia, the Immigration Judge found the applicants excludable, determined that they had failed to establish eligibility for any form of discretionary relief, and ordered them excluded from the United States. No appeal was taken.

## I. PROCEDURAL BACKGROUND

On June 10, 1991, the applicants, through newly-retained counsel, moved to reopen their exclusion proceedings in order to explain their absence at the prior proceeding, which they claimed to have had no notice of, and to request a change of venue from Los Angeles to San Francisco. In a decision dated June 28, 1991, the Immigration Judge denied the motion, deciding that the notice of hearing served on their "attorney of record" was legally adequate notice to the applicants.

The applicants appealed the Immigration Judge's denial of their motion to reopen and moved for a change of venue. On appeal, they explained that their prior counsel has been retained for the limited purpose of arranging their release from Immigration and Naturalization Service custody, and that there was no agreement that he would represent them at any future proceeding.

They were unaware that the attorney had been given notice of the March 14th hearing, that such a hearing took place, and that he had appeared on their behalf at that proceeding.

By decision dated September 13, 1994, we dismissed the appeal and denied the motion to change venue. We decided that the applicants' stated reason for their failure to appear, that their attorney had not notified them of the date of hearing, was not a reasonable explanation for their failure to attend the hearing.

We noted that to the extent the applicants were claiming that they received ineffective assistance of counsel from their prior attorney, they had not followed the procedures for supporting such a claim as set forth in *Matter of Lozada,* 19 I&N Dec. 637 (BIA 1988). As the Immigration Judge noted in his decision, notice to an attorney of record constitutes notice to the alien. *See* 8 C.F.R. § 292.5(a) (1991). We pointed out that there is no "limited" appearance of counsel in immigration proceedings, and that because the attorney never withdrew from the case, he remained the applicants' attorney of record. *See Matter of Velasquez*, 19 I&N Dec. 377 (BIA 1986). Furthermore, we found the applicants' contention that they were only represented by former counsel through the time of release from Service custody "unpersuasive, if not incredible," noting that the attorney actually appeared at the hearing claiming to be the applicants' representative.

## II. MOTION TO REOPEN BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL

By motion dated September 10, 1996, and received on September 25, 1996, the applicants moved the Board to reopen their exclusion proceedings and to stay deportation pending our decision on their motion to reopen. When the basis for a motion to reopen is that the Immigration Judge erroneously held an in absentia hearing, the alien must establish reasonable cause for his or her absence from the proceedings. Section 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b) (1994); *Matter of Haim*, 19 I&N Dec. 641 (BIA 1988); *Matter of Nafi*, 19 I&N Dec. 430 (BIA 1987). If the alien shows reasonable cause for his failure to appear, the motion will be granted; if he does not, the motion will be denied. *Matter of Ruiz*, 20 I&N Dec. 91 (BIA 1989).

The applicants' motion to reopen before the Board is based on an allegation of ineffective assistance of counsel. "Ineffective assistance of counsel in a deportation proceeding is a denial of due process only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case. One must show, moreover, that he was prejudiced by his representative's performance." *Matter of Lozada, supra*, at 638 (citations omitted); *see also Matter of Grijalva*, 21 I&N Dec. 472 (BIA 1996) (noting that ineffective assistance of counsel can amount to "exceptional

circumstances" within the meaning of section 242B(f)(2) of the Act, 8 U.S.C. § 1252b(f)(2) (1994)); *cf. Matter of Rivera*, 21 I&N Dec. 599 (BIA 1996) (finding that the alien had failed to show exceptional circumstances where she did not meet all of the *Lozada* requirements).

In *Lozada*, we laid out the requirements an applicant must meet in order to support a claim of ineffective assistance of counsel. First, the motion should be supported by an affidavit of the allegedly aggrieved applicant attesting to the relevant facts. Second, before the allegation is presented to the Board, the former counsel must be informed of the allegations and allowed the opportunity to respond. Any subsequent response from counsel, or report of counsel's failure or refusal to respond should be submitted with the motion. Finally, if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect "whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not." *Matter of Lozada, supra*, at 639; *see also Matter of Rivera, supra*.

The applicants in this case have met the "high standard" we announced in *Lozada*. First, the female applicant provided a detailed declaration supporting her claim of ineffective assistance of counsel. This declaration states that the applicants never received notice of the hearing from former counsel or anyone else. It also states their understanding that the attorney was retained for the limited purpose of arranging their release from custody and that there was no agreement that he would represent them at any future proceeding.[1]

Second, prior counsel was informed by letter of the allegations against him, and his reply indicates that he believed that his role as attorney was "limited to handling the exclusion matter up to the release from INS custody, and did not extend to asylum or any other subsequent work."[2] Finally, the record reflects that the female applicant filed a complaint against former counsel with the State Bar of California.

For these reasons, we conclude that the applicants have satisfied the requirements of *Matter of Lozada*. We find that the record supports their contention that they were prejudiced by the actions of their former counsel and were prevented from presenting their case. This was a reasonable cause for their failure to appear, and we therefore grant the motion to reopen. The motion to stay deportation until we decide the motion to reopen is now moot.

---

[1] The Notice of Entry of Appearance as Attorney or Representative Before Office of the Immigration Judge (Form EOIR-28) filed by former counsel indicates that it was "submitted in connection with bond-out only, and expires in 14 days."

[2] The attorney's stated belief that he only represented the applicants for a certain phase of their case does not explain why he appeared at their hearing without them and presented himself as their representative. Nor does it reflect an understanding of the well-settled principle that there is no "limited" appearance of counsel in an immigration proceeding. *See Matter of Velasquez, supra*. However, it does support a finding that the assistance the applicants received from him was ineffective.

**ORDER:**     The motion to reopen is granted and the case is remanded to the Immigration Court in San Francisco, California, for further proceedings.