F I L E D
United States Court of Appeals
Tenth Circuit

JUN 9 2004

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

EDWARD AKINSOLA
AKINWUNMI; MOBOLAJI O.
AKINWUNMI; CHRISTOPHER I.
AKINWUNMI,

        Petitioners,

v.

JOHN ASHCROFT, Attorney General
of the United States,

        Respondent.

No. 03-9539
(Nos. A74-665-527;
A74-665-528; and A72-449-841)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioners Edward Akinsola and Mobolaji O. Akinwunmi and their child, Christopher I. Akinwunmi, appeal from the decision of the Board of Immigration Appeals (BIA) declining to reopen their applications for asylum and withholding of removal. We deny the petition for review.

Mr. Akinwunmi and his wife are natives and citizens of Nigeria. Their child was born in Austria when Mrs. Akinwunmi worked there as a diplomat for Nigeria. Mr. Akinwunmi entered the United States on a visitor's visa in April 1993, with authorization to remain for thirty days. He did not depart. His wife and child entered the United States in July 1995, on a six-month visa. They also did not depart. In 1996, they filed an asylum claim, but were denied. Subsequently, the INS commenced deportation proceedings. Petitioners conceded deportability, but renewed their application for asylum. The Immigration Judge (IJ) denied their application and granted them voluntary departure. Petitioners appealed to the BIA, which dismissed their appeal as untimely.

Petitioners then appealed to this court arguing that their counsel was ineffective because he failed to file a timely notice of appeal to the BIA. See Akinwunmi v INS, 194 F.3d 1340 (10th Cir. 1999). This court denied review and

dismissed their petition because petitioners had failed to exhaust their administrative remedies. See id. at 1341.

Petitioners accordingly filed a petition to reopen with the BIA. The BIA denied the petition to reopen, which it construed as a petition for reconsideration, holding that petitioners had failed to meet the requirements for showing ineffective assistance of counsel because they had failed to show prejudice. The BIA noted in particular that petitioners had failed to address how the IJ had erred in his decision.

Petitioners now appeal that decision. They argue that (1) the BIA should have reopened their case based on ineffective assistance of counsel because counsel failed to file a timely notice of appeal, (2) they did show prejudice from counsel's untimely filing of a notice of appeal, and (3) the BIA erred in characterizing their motion to reopen as a motion to reconsider. Petitioners note that they fear persecution because of Mr. Akinwunmi's political beliefs based on the fact that Mr. Akinwunmi was an independent and critical journalist in Nigeria. They contend that government security forces targeted him for persecution because of his profession.

A motion to reopen shall not be granted unless it appears that the evidence is material and was not previously available. See 8 C.F.R. § 1003.2(c)(1). Further, the BIA has broad discretion to grant or deny a motion to reconsider or a

motion to reopen proceedings. INS v. Doherty, 502 U.S. 314, 322-23 (1992); see also Belay-Gebru v. INS, 327 F.3d 998, 1000 n.5 (10th Cir. 2003) (noting that court would review  denial of motion to reconsider for abuse of discretion); Osei v. INS, 305 F.3d 1205, 1208 (10th Cir. 2002) (reviewing the BIA's determination not to grant a motion to reopen for an abuse of discretion). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements . . . ." Osei, 305 F.3d at 1208 (quotation omitted).

> [T]here is no Sixth Amendment right to counsel in a deportation proceeding. Because deportation proceedings are civil in nature, a claim of ineffective assistance of counsel in a deportation proceeding may be based only on the Fifth Amendment guarantee of due process. As a result, an alien must show that his counsel's ineffective assistance so prejudiced him that the proceeding was fundamentally unfair.

Akinwunmi, 194 F.3d at 1341 n.2 (citations omitted).

The BIA declined to reopen petitioners' case because they had failed to show prejudice from counsel's actions as they did not address how the IJ erred in his decision. The BIA noted that although they asserted that Mr. Akinwunmi had a well-founded fear of persecution based on political opinion, that statement was conclusory and did not address the IJ's decision.

-4-

The BIA has set forth the analysis it follows in addressing an alien's claim of ineffective assistance of counsel. See In re Lozada, 19 I. & N. Dec. 637, 1988 WL 235454 (1988). Petitioners properly addressed the listed four factors. See id. at 639. However, the overarching principle guiding the Lozada analysis is the fact that an alien may only prevail on an ineffective assistance of counsel claim in a deportation proceeding by showing that he was denied due process because "the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case." Id. at 638. Upon review of the motion to reopen, we agree that petitioners did not show prejudice from prior counsel's failure to file a timely notice of appeal. Mr. Akinwunmi

> received a full and fair hearing at which he was given every opportunity to present his case. [He] does not allege[] any inadequacy in the quality of prior counsel's representation at the hearing. The immigration judge considered and properly evaluated all the evidence presented, and his conclusions that the respondent did not merit a grant of [asylum or withholding of removal] as a matter of law are supported by the record.

Id. at 640.

To this court, Mr. Akinwunmi argues that he was an independent and critical journalist in Nigeria, as a result of which he was targeted by government security forces. He maintains that because he was denied appellate review, he was prevented from reasonably presenting his case, citing In re N-K- & V-S-, Applicant, 21 I. & N. Dec. 879, 1997 WL 123906 (1997). We disagree. In N-K,

the BIA found that the alien had been prevented from reasonably presenting her case before the IJ, because counsel did not inform her of the hearing, thus preventing her from being present. Id. at 881. The Akinwunmis were present and did present their case to the IJ. Under our deferential standard of review, and observing the due process guarantees of the Fifth Amendment, we hold that the BIA did not abuse its discretion when it denied petitioners' motion to reopen.

Finally, petitioners argue that the BIA erred in mischaracterizing their motion to reopen as a motion to reconsider. Petitioners assert that by characterizing their motion as one for reconsideration, the BIA placed them in a "Catch 22" position, which is punitive and erroneous. See Aplt. Br. at 11. We need not resolve this issue. Under either characterization, the BIA did not abuse its discretion in denying petitioners' motion.

The petition for review is DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-6-