**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARCELO BERNABE-ORDUNO,

Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General,

Respondent.

No. 06-9580
(No. A95-612-819)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Marcelo Bernabe-Orduno, a native and citizen of Mexico, petitions for
review of the Bureau of Immigration Appeals' (BIA) denial of his motion to
reopen his immigration proceedings. For the following reasons, we DENY the
petition for review.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I.**

Mr. Bernabe sought cancellation of removal based on the hardship his United States-citizen children would experience if he were removed to Mexico. The immigration judge (IJ) found that Mr. Bernabe had not established the children would experience "exceptional and extremely unusual hardship," as required for relief under Immigration and Nationality Act § 240A, 8 U.S.C. § 1229b, and denied the petition. The BIA adopted and affirmed the IJ's decision. Mr. Bernabe filed a petition for review in this court (appeal No. 06-9539) and argued his counsel had been ineffective. We dismissed appeal No. 06-9539 for lack of jurisdiction because Mr. Bernabe had not brought his ineffective-assistance arguments to the BIA before petitioning for review.

While appeal No. 06-9539 was pending, Mr. Bernabe filed before the BIA a motion to reopen arguing that his counsel was ineffective in three respects (1) failing to present evidence of hardship to the children, (2) failing to prepare for the hearing, and (3) failing to file a brief on appeal. In support, he attached a letter from a clinical psychologist that stated "it was noted that two qualifying American citizens in the family, [the two school-age children], were receiving special education assistance . . . for learning problems." Admin. R. at 15. The psychologist stated he was seeking further information from the children's school, and he concluded:

-2-

> Should it be determined that these children have special education needs due to disabilities, these disabilities and the resulting special needs would be part of an argument for the presence of extreme hardship to [the children] from the deportation of their father, Mr. Marcelo Bernabe. The information that I have been able to obtain thus far indicated that such disabilities and special needs do exist.
>
> I will be in continuous contact with your staff regarding this case and provide you a final report when all the data are available.

*Id.* The administrative record does not contain any further communication from the psychologist.

The BIA determined that Mr. Bernabe had not shown any prejudice from his counsel's allegedly deficient performance. It stated that "[t]he record reflects that the respondent's children are healthy (Tr. at 14), they are doing well in school (Tr. at 12, 24), they speak some Spanish (Tr. at 13, 26) and there is family in Mexico (Tr. at 17-18, 27)," and that "the respondent has not come forward with any additional personalized facts or evidence that was not presented at the merits hearing." Admin. R. at 2-3. It also stated that counsel's failure to file a brief did not harm Mr. Bernabe because the appeal was adjudicated on the merits.

## II.

We have jurisdiction to review the denial of the motion to reopen. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004).[1] "We review the BIA's

---

[1]    In *Infanzon*, this court stated, "[o]nly where judicial review of the underlying order is precluded is denial of a subsequent motion to reopen also precluded." 386 F.3d at 1362. The respondent does not argue that this statement

(continued...)

decision on a motion to reopen only for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (quotation and alteration omitted).

Mr. Bernabe first challenges the BIA's determination that he did not suffer prejudice from counsel's allegedly ineffective assistance. Mr. Bernabe complains that his counsel (1) failed to prepare him and his daughter to testify, (2) failed to discover and present evidence of his children's learning disabilities to establish extreme hardship, and (3) failed to file a brief for the BIA appeal.

An alien in removal proceedings does not have a Sixth Amendment right to the effective assistance of counsel. *Akinwunmi v. INS*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999). "Because [removal] proceedings are civil in nature, a claim of ineffective assistance of counsel in a [removal] proceeding may be based only on the Fifth Amendment guarantee of due process." *Id.* Under this standard, "an alien must show that his counsel's ineffective assistance so prejudiced him that

---

[1](...continued)
forecloses our exercise of jurisdiction over this appeal as a whole. He does, however, raise a similar argument. Citing 8 U.S.C. § 1252(a)(2)(B), he asserts that we do not have jurisdiction to determine whether counsel's omissions prejudiced Mr. Bernabe because we cannot evaluate whether the new evidence could have altered the outcome of his case, as the ultimate hardship determination is an agency judgment call. Notwithstanding § 1252(a)(2)(B), because the question of ineffective assistance of counsel in immigration proceedings is grounded in the constitutional claim of a due-process violation, *see Akinwunmi v. INS*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999), we have jurisdiction to consider Mr. Bernabe's claim under 18 U.S.C. § 1252(a)(2)(D) .

the proceeding was fundamentally unfair." *Id.* In other circumstances, this court has held that the standard for showing prejudice in connection with a fundamental fairness inquiry is "whether there is a reasonable likelihood" that the outcome would have been different. *United States v. Aguirre-Tello*, 353 F.3d 1199, 1209 (10th Cir. 2004) (en banc).

Mr. Bernabe has not shown a reasonable likelihood that the outcome of his proceeding would have been different had counsel taken the actions he identifies. First, he has not specified how his testimony and that of his daughter would have differed had counsel prepared them to testify, and he has not established a reasonable likelihood that such preparation would have changed the result in his case. Second, he has not established that his children actually do have learning disorders, what those disorders might be, what type of treatment might be necessary, and that such treatment would be unavailable in Mexico. The limited information offered by the psychologist's letter falls short of showing a reasonable likelihood that the agency would have found "exceptional and extremely unusual hardship" had counsel performed differently. Moreover, Mr. Bernabe fails to explain the contradiction between his new evidence and his testimony before the IJ that his two school-age children were not "receiving any special educational help at all in their schooling" and, to his knowledge, they were "progressing normally." Admin. R. at 95-96; *see also id.* at 106-07 (oldest child's testimony that she enjoyed school and that she did well in school). And

third, Mr. Bernabe does not indicate what arguments counsel should have presented in his brief before the BIA or show how filing a brief might have changed the result in his appeal. As the BIA noted, Mr. Bernabe's appeal was not dismissed for failure to prosecute—the BIA decided it on the merits.

Mr. Bernabe also argues that the BIA abused its discretion by failing to consider the additional evidence he submitted (namely, the psychologist's letter). There is no evidence that the BIA failed to consider the letter. While the BIA did state that Mr. Bernabe "has not come forward with any additional personalized facts or evidence that was not presented at the merits hearing," Admin. R. at 3, it does not follow that the BIA necessarily ignored the letter. The letter failed to offer any concrete, specific information, and therefore it reasonably can be described as not offering "additional personalized facts or evidence."

The BIA did not abuse its discretion in denying the motion to reopen. The petition for review is DENIED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge
