FILED
United States Court of Appeals
Tenth Circuit

February 11, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOSE LUIS ROSAS HERNANDEZ;
ALMA PATRICIA ROSAS,

      Petitioners,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

Nos. 09-9533 & 10-9514

ORDER AND JUDGMENT[*]

Before **TACHA**, **KELLY**, and **LUCERO**, Circuit Judges.

Jose Luis Rosas Hernandez and Alma Patricia Rosas ("the Rosases") petition for

review of two decisions of the Board of Immigration Appeals ("BIA"). The first decision

dismissed their appeal of the Immigration Judge's ("IJ") denial of their motion to reopen,

---

[*] At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

in which they alleged that their prior counsel's ineffectiveness denied them a hearing on their applications for cancellation of removal. The second decision denied their motion to reconsider, in which they argued there had been an intervening change of law and the BIA failed to consider new evidence in the record. Exercising jurisdiction under 8 U.S.C. § 1252, we deny both petitions for review.

**I**

The Rosases, natives and citizens of Mexico with two sons who are United States citizens, entered the United States without inspection in 1988. In 1999, they were charged with violating 8 U.S.C. § 1182(a)(6)(A)(i). They applied for cancellation of removal in October 1999. After various continuances, their case was heard in April 2005.

At the hearing, on the advice of their attorney, Ian Hardin, they asserted that they wished to withdraw their applications and to apply for voluntary departure. The IJ allowed the withdrawal and granted 120 days to voluntarily depart. In exchange, the Rosases waived their right to appeal.

Soon thereafter, the Rosases hired new counsel, who informed them that he believed attorney Hardin had misled them about their eligibility for cancellation of removal, and misstated the consequences of accepting voluntary departure. The new attorney appealed the IJ's order. Citing the Rosases' appeal waiver, the BIA dismissed the appeal for lack of jurisdiction.

In response, the Rosases filed a motion to reopen, alleging that attorney Hardin's

representation was ineffective.  The IJ denied the motion to reopen because the Rosases

had failed to depart within the reinstated departure period, making them statutorily

ineligible for relief, see 8 U.S.C. § 1229c(d)(1)(B), and the Rosases once again appealed

to the BIA.

There are two different BIA decisions on appeal.  On May 29, 2009 ("the 2009

decision"), the BIA upheld the IJ's denial of the Rosases' motion to reopen,[1] relying

heavily on In re Compean, 24 I.&N. Dec. 710 (A.G. 2009) ("Compean I").  The BIA

concluded that the Rosases had "not alleged prejudice with the requisite particularity.  To

demonstrate prejudice warranting reopening, the respondents must show that it is more

likely than not they would have been entitled to cancellation of removal had they pursued

such relief."  (Emphasis added).  Because they had not "proffered any specific

circumstances or factors that would cause their qualifying relatives to suffer hardship

beyond that which typically results from the removal of a family member," they had not

met the requirement of showing "exceptional and extremely unusual hardship" necessary

for cancellation of removal.

But five days later, the Attorney General vacated Compean I in its entirety, In re

Compean, 25 I.&N. Dec. 1, 3 (A.G. 2009) ("Compean II"), and directed the BIA to apply

"pre-Compean[ I] standards to all pending and future motions to reopen based upon

ineffective assistance of counsel."  Under the pre-Compean I standards, ineffective

---

[1] The appeal of the BIA's denial of the motion to reopen is case number 09-9533.

assistance occurred if there was a reasonable likelihood that petitioners would have obtained relief if their attorney had properly raised an issue or right to relief. United States v. Aguirre-Tello, 353 F.3d 1199, 1209 (10th Cir. 2004). Consequently, the Rosases filed a motion to reconsider based on a change of law. They further asserted that, due to the ineffective assistance of their first counsel, they had been denied a "fundamentally fair hearing" and the right to seek judicial review. They also requested reopening, based on new evidence of hardship.

On February 1, 2010 ("the 2010 decision"), the BIA denied the motion,[2] considering it both as a motion to reopen and a motion to reconsider. Viewed as a motion to reopen, the BIA determined that most of the Rosases' attached documentation was not new, and the remaining documents were "not material inasmuch as [the Rosases] have no cancellation application on record and such new evidence does not support their argument regarding the ineffective assistance of their prior counsel." Viewed as a motion to reconsider, the BIA "decline[d] to disturb [its] most recent assessment that the respondents did not demonstrate that their first attorney's alleged poor representation prejudiced their case." The BIA further noted the vacatur of Compean I, but stated, "the requirement that prejudice be shown has always been part of a showing of ineffective assistance of counsel, and, however prejudice is assessed, it has not been shown in this case."

---

[2] The appeal of the BIA's denial of the motion to reconsider is case number 10-9514.

The Rosases petition this court for review of both decisions.

**II**

We review the BIA's denial of a motion to reopen or to reconsider for abuse of discretion. See Infanzon v. Ashcroft, 386 F.3d 1359, 1362 (10th Cir. 2004) (motion to reopen); Belay-Gebru v. INS, 327 F.3d 998, 1000 n.5 (10th Cir. 2003) (motion to reconsider). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Infanzon, 386 F.3d at 1362.

We have no jurisdiction to review a denial of cancellation of removal on the ground that petitioners did not establish the requisite hardship to their qualifying relatives. See Arambula-Medina v. Holder, 572 F.3d 824, 828 (10th Cir. 2009). Similarly, we are precluded from reviewing a denial of reopening that is based on a finding that petitioners' new evidence did not support a finding of hardship. See Alzainati v. Holder, 568 F.3d 844, 849-50 (10th Cir. 2009). But we retain jurisdiction to consider constitutional claims and questions of law, see 8 U.S.C. § 1252(a)(2)(D), including whether the BIA violated due process by ignoring new and pertinent evidence or case law, see Alzainati, 568 F.3d at 850.

**A**

The Rosases first argue that the BIA's 2009 decision assessed their ineffective assistance argument under an incorrect legal standard, by relying on Compean I to decide their motion to reopen. Therefore, they contend, the BIA's 2010 decision should have

- 5 -

granted their motion to reconsider, and reviewed their claims under pre-Compean I standards.

Assuming the BIA was required to apply Compean II to their case,[3] the 2010 decision did just that. The BIA's order recognized that parts of Compean I had been "reconsidered and rejected," but concluded that "however prejudice is assessed, it has not been shown in this case." Contrary to the Rosases' assertions, the BIA acknowledged the new, lower prejudice standard of Compean II, and determined that the Rosases' claims did not meet the new standard.

**B**

The Rosases also contend their prior counsel's ineffective assistance denied them a fundamentally fair proceeding because they were denied the opportunity to present their applications at a hearing.

Aliens in removal proceedings do not have a Sixth Amendment right to effective assistance of counsel. Akinwunmi v. INS, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999). But they do have a right to effective representation grounded in the Fifth Amendment's guarantee of due process. Id. To prove the denial of this right, "an alien must show that his counsel's ineffective assistance so prejudiced him that the proceeding was fundamentally unfair." Id.

---

[3] Compean II directed the BIA to apply pre-Compean I standards "to all pending and future motions to reopen based upon ineffective assistance of counsel"; it said nothing about decisions already issued. 25 I.&N. Dec. at 3 (emphasis added).

- 6 -

A review of the record reveals that the Rosases did not show prejudice in either appeal to the BIA. They argue that they have shown the proceeding was fundamentally unfair because they were prevented from reasonably presenting their case. See In re N-K-, 21 I.&N. Dec. 879, 880 (BIA 1997) (allowing reopening when counsel's incompetence prevented the alien from presenting his case) (cited in Osei v. INS, 305 F.3d 1205, 1208 (10th Cir. 2002)). But, unlike the petitioners in N-K-, whose counsel did not inform them of their hearing date, and appeared without them and without their permission at the hearing, id. at 880-81, the Rosases had notice of their hearing and appeared before an IJ, who confirmed with them their desire to withdraw their applications for cancellation of removal. Attorney Hardin's allegedly deficient representation notwithstanding, they had an opportunity to present their case.

As discussed above, this court has defined prejudice as a showing of "a reasonable likelihood that the [alien] would have obtained relief" had he been advised differently. Aguirre-Tello, 353 F.3d at 1209. This test focuses on the petitioners' showing of entitlement to the relief sought. To prove eligibility for cancellation of removal, the Rosases had to establish, among other things, that "removal would result in exceptional and extremely unusual hardship" to a qualifying relative. See 8 U.S.C. § 1229b(b)(1)(D). As the BIA noted in its 2009 decision, "[t]he only information in the record relating to hardship is the [Rosases' citizen] children's ages . . . and evidence that [Mrs. Rosas'] father is a lawful permanent resident." Similarly, the BIA's 2010 decision discounts additional evidence the Rosases submitted—an updated declaration from Mrs. Rosas, a

declaration from her elderly father, and a letter from the Rosases' oldest son—because it does not prove hardship. In both decisions, the BIA correctly held that the Rosases' failure to adequately allege hardship meant that, even if attorney Hardin's performance were deficient, they had not shown prejudice. The BIA did not abuse its decision by declining to reopen the proceedings.

## C

In their final claim, the Rosases return to the same "hardship" evidence, contending that the BIA failed to consider the evidence of record in the 2010 decision denying the motion to reopen and reconsider. See Alzainati, 568 F.3d at 850 ("[I]f, in deciding a motion to reopen, the BIA refuses, contrary to established procedures, to consider new and pertinent evidence, due process rights are implicated.").

In denying the motion to reopen, the BIA stated that "the only evidence" of hardship in the record was the children's ages and Mrs. Rosas' father's residency status. Criticizing this summary, the Rosases point to the following evidence in the record: (1) a declaration by Mrs. Rosas' father concerning his medical conditions, (2) evidence that the Rosases' son suffered kidney problems, (3) Mrs. Rosas' statement in her declaration that she was afraid to take her children to Mexico, (4) her statement that the Rosases might leave their children in the United States, and (5) evidence that the uncle with whom the children would have to reside in the United States is violent.

The record does not support an inference that the BIA improperly failed to consider the evidence in denying the motion to reopen. Mrs. Rosas' father's declaration,

- 8 -

which set forth his medical conditions and included the information about the children's uncle, postdated the BIA's denial of the motion to reopen. The assertion that the Rosases' son suffered kidney problems is supported only by the Rosases' comments in a transcript of preliminary proceedings, in which the IJ set the deadline for the merits hearing and told the Rosases that they would have to provide evidence to prove their case at that hearing. There is no indication that the Rosases were sworn in to testify at this proceeding, and the motion to reopen did not include any supporting materials documenting the existence of the condition, the son's medical prognosis, or the unavailability of treatment for the condition in Mexico. Accordingly there does not appear to have been any record evidence of the condition for the BIA to consider. Mrs. Rosas' statements that the children would be left in the United States, with a specific relative, describe the Rosases' plans when they believed they might be out of the country for only a few months, which was not the Rosases' situation when they filed their motion to reopen. And her unelaborated statement that she was afraid to take her children to Mexico is insufficient to establish exceptional and extremely unusual hardship.

Mrs. Rosas' father's declaration, as well as Mrs. Rosas' updated declaration and a letter from the Rosases' older son, were all submitted in support of the motion to reconsider. Thus, this evidence was before the BIA when it denied reopening and reconsideration in the 2010 decision. And in that order, the BIA stated that the Rosases had submitted new evidence with the motion for reconsideration in addition to the same materials they originally submitted with the motion to reopen. Instead of showing that

- 9 -

the BIA ignored the new evidence, the order proves the BIA actively considered the new evidence before it.[4]

### III

The BIA did not abuse its discretion by denying the motions to reopen and to reconsider.  The petitions for review of both decisions are **DENIED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[4] In denying reconsideration, the BIA also stated that the Rosases "have no cancellation application on record."  While this statement is confusing, we cannot conclude that it establishes that the BIA ignored the Rosases' 1999 applications for cancellation of removal, which are part of the administrative record.  Rather, the statement is most rationally read as a description of the current state of the proceedings— that having previously withdrawn their applications for cancellation of removal, the Rosases did not then have current applications.