[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11875
Non-Argument Calendar
_____

Agency No. A076-774-101

RENATA TUSLOVA,
PETR EGER,
a.k.a. Peter Eger,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 10, 2014)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Renata Tuslova and Petr Eger (collectively the "Petitioners") seek review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of their motion to reconsider the IJ's prior denial of their motion to reopen based on ineffective assistance of counsel. We dismiss in part and deny in part the petition for review.

## I.  BACKGROUND FACTS

The Petitioners are a married couple who are natives and citizens of the Czech Republic. They each entered the United States in 1996 on a non-immigrant visa, which they overstayed. In October 2009, the Department of Homeland Security ("DHS") filed Notices to Appear charging each of the Petitioners with removability, pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States longer than permitted. The Petitioners admitted the allegations in the NTA and conceded removability.

With the assistance of prior counsel, the Petitioners filed applications for cancellation of removal, pursuant to INA § 240A(a), 8 U.S.C. § 1229b(a), alleging that their U.S.-born son would suffer exception and extremely unusual hardship if they were removed to the Czech Republic. On May 17, 2011, after a merits hearing, the IJ denied the Petitioners' applications for cancellation of removal, finding that the Petitioners had failed to show that their removal would result in the

requisite hardship to their son.  The Petitioners did not file an appeal with the BIA, making the IJ's removal order final.  See 8 C.F.R. § 1003.39 (providing that the IJ's decision becomes final upon the expiration of the time to appeal if no appeal is taken).

Instead, on July 6, 2011, the Petitioners, through new counsel, filed a motion to reopen claiming ineffective assistance of their prior counsel.  The Petitioners alleged that their prior counsel had not explained the nature of, and requirements for, cancellation of removal and, as a result, they had not presented sufficient evidence of the hardship to their son.  The Petitioners included documents indicating they had filed a bar complaint against their prior counsel and had notified their prior counsel of the bar complaint.

On July 18, 2011, the IJ denied the motion to reopen.  The IJ disbelieved the Petitioners' claim that their prior counsel failed to advise them of what was required to obtain cancellation of removal because they had in fact presented evidence relevant to each of the requirements for relief, including their presence in the United States, their good moral character, and the hardship to their son. Alternatively, the IJ concluded that the Petitioners did not show they were prejudiced by their prior counsel's actions because they did not point to any new evidence of their son's hardship that they would have submitted at the removal

3

hearing if they had been given proper advice.  Again, the Petitioners did not appeal to the BIA.

On August 18, 2011, the Petitioners filed with the IJ a motion to reconsider her prior decision denying their motion to reopen.  The Petitioners argued that the IJ had overlooked their arguments about prejudice, had applied the wrong legal standard in considering prejudice, and had overlooked precedent regarding motions to reopen based on ineffective assistance.  The Petitioners also asserted that they had new and material evidence of their son's hardship.  Attached to their motion for reconsideration was: (1) their prior counsel's response to their bar complaint, in which he denied unprofessional representation; (2) a letter from a licensed counselor who had treated the Petitioners' son; (3) their son's medical records; and (4) a statement from their son.

In her letter, the counselor stated that the Petitioners' son had low energy, poor appetite, and difficulty sleeping and concentrating because he was concerned about his family returning to the Czech Republic.  The Petitioner's son was worried about his ability to obtain an education in the Czech Republic because of his limited Czech language abilities.  He was also afraid of being in a new environment because, due to his premature birth, he was below average in height and weight.  The son's medical records indicated that he was diagnosed with, and was being treated for, short stature.

4

In his statement, the Petitioners' son stated that he was afraid for his family's lives because of his parents' involvement in helping apprehend some criminals.[1]  Because of his fear, he could not sleep and had nightmares.  The son stated that he worried that his parents would be unable to find jobs in the Czech Republic, that he would have difficulties in school because he did not read or write Czech, and that he would be teased.

On August 31, 2011, the IJ denied the Petitioners' motion to reconsider. The IJ determined that the Petitioners had not demonstrated any errors of fact or law in her prior decision.  The IJ treated the Petitioners' submission of additional evidence as a request to sua sponte reopen the removal proceedings (because they were number-barred from otherwise moving to reopen) and declined to do so.[2] The IJ pointed out that the son's premature birth, short stature, and educational disadvantages in the Czech Republic were all discussed during the merits hearing and that there was no evidence of the counselor's qualifications.  The IJ concluded that the son's issues were "quite normal anxiety" in light of his parents' uncertain immigration status.

On September 29, 2011, the Petitioners filed a notice of appeal with the BIA challenging the IJ's denial of their motion for reconsideration.  In their BIA brief,

---

[1]The Petitioners had assisted Illinois and DHS officials with an investigation of an immigration fraud scam that preyed upon Czech immigrants.

[2]The Petitioners have never challenged the IJ's finding that they were number-barred from filing a motion to reopen and do not raise that issue in this Court.

the Petitioners argued that they had shown prejudice from their prior counsel's ineffective assistance and that the IJ had applied an incorrect legal standard in assessing prejudice. The Petitioners also submitted to the BIA copies of their motion to reopen and motion for reconsideration that were previously filed with the IJ.

On April 3, 2013, the BIA affirmed the IJ's denial of the motion for reconsideration of the denial of the motion to reopen. The BIA first stressed that it had jurisdiction to review only the IJ's denial of the motion for reconsideration, citing 8 C.F.R. § 1003.39, which provides that, if no appeal is filed, an IJ's decision becomes final once the time to appeal expires.[3] The BIA agreed with the IJ that the Petitioners had not identified any error of law or fact in the denial of the motion for reconsideration.

The BIA acknowledged the Petitioners' resubmission of the motions to reopen and to reconsider. The BIA construed their resubmission as a motion to remand to the IJ. The BIA denied the motion to remand because all of the evidence attached to these motions previously was submitted to, and considered by, the IJ, who had determined that the evidence was insufficient to justify reopening. On April 26, 2013, the Petitioners filed this petition for review

---

[3]The Petitioners do not challenge the BIA's jurisdictional ruling.

6

challenging the BIA's April 3, 2013 decision affirming the IJ's denial of the motion for reconsideration of the denial of their motion to reopen.

## II. DISCUSSION

### A.    Jurisdiction

The government argues that we lack jurisdiction to review several arguments raised in the petition for review.  We determine our subject matter jurisdiction de novo.  Sanchez Jiminez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007).

The Petitioners ostensibly seek review of the denial of their motion for reconsideration of the denial of the motion to reopen.  Most of their argument, however, relates to the underlying decisions to deny their request for cancellation of removal and to deny their motion to reopen.  Specifically, the Petitioners primarily contend that their removal proceedings should have been reopened because their prior counsel was ineffective in advising them about how to obtain cancellation of removal and that bad advice prejudiced their ability to present sufficient proof of their son's hardship at their removal hearing.

We conclude that we do not have jurisdiction to review the final removal order denying the Petitioners' application for cancellation of removal for several reasons.  First, the petition for review was filed on April 13, 2013, more than thirty days after the entry of the May 17, 2011 final removal order, and thus is untimely under INA § 242(b)(1), 8 U.S.C. § 1252(b)(1), with respect to that order.  See Lin

7

v. U.S. Att'y Gen., 677 F.3d 1043, 1045 (11th Cir. 2012) (stating that the thirty day limit for filing a petition for review under § 1252(b)(1) "'is mandatory and jurisdictional'" (quoting  Dakane v. U.S. Att'y Gen., 371 F.3d 771, 773 n.3 (11th Cir. 2004)).

Second, because the Petitioners did not appeal the IJ's removal order or denial of cancellation of removal to the BIA, those issues are not exhausted. See INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006). Third, even if the Petitioners had timely filed their petition for review and had exhausted their administrative remedies with respect to cancellation of removal, we would still lack jurisdiction to review an IJ's denial of cancellation of removal because it was based on the purely discretionary determination that the Petitioners had not satisfied the exceptional and extremely unusual hardship requirement under INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D). See INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221-23 (11th Cir. 2006) (concluding that § 1252(a)(2)(B)(i) precludes appellate review of the purely discretionary determination that an alien has failed to satisfy the "exceptional and extremely unusual hardship" standard for cancellation of removal). Thus, to the extent the Petitioners challenge the IJ's underlying removal order denying their application for cancellation of removal, we dismiss the petition for lack of jurisdiction.

8

To the extent the Petitioners seek review of the IJ's denial of the Petitioners' motion to reopen based on ineffective assistance of counsel, the Petitioners did not appeal the IJ's denial of their motion to reopen to the BIA. Moreover, later on the BIA, in denying the motion for reconsideration, stressed that it had jurisdiction to review only the IJ's denial of the motion for reconsideration. The Petitioners, in this Court, have not challenged that jurisdictional ruling by the BIA, which is another reason why we can only review the denial of the motion for reconsideration.

Moreover, to the extent the Petitioners' motion for reconsideration argued that their son would suffer the requisite hardship, we lack jurisdiction to review this argument. When the review of the underlying order is precluded by the INA's jurisdiction-stripping provisions, our "jurisdiction to entertain an attack on that order mounted through" a motion to reopen or to reconsider is also curtailed. Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1262 (11th Cir. 2003); see also Guzman-Munoz v. U.S. Att'y Gen., 733 F.3d 1311, 1313-14 (11th Cir. 2013). Because we lack jurisdiction to review the IJ's determination that the Petitioners failed to show their son would suffer an exceptional and extremely unusual hardship, we also lack jurisdiction to review that issue when raised in the context of a motion to reopen or a motion to reconsider. Thus, to the extent the petition for review argues that the

9

Petitioners' motion for reconsideration established such a hardship, we dismiss their petition.

Finally, in ruling on the motion for reconsideration, the IJ construed the Petitioners' submission of additional evidence as a request for sua sponte reopening, and denied that request, too.  To the extent the Petitioners challenge that discretionary ruling, we lack jurisdiction and dismiss the petition.  See Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1292-94 (11th Cir. 2008) (concluding that we lack jurisdiction to review the exercise of the discretionary authority to reopen cases sua sponte).

In sum, our jurisdiction in this case is limited to only: (1) the IJ's denial of the Petitioners' motion to reconsider on the ground that they did not identify any errors of law or fact in the denial of their motion to reopen; and (2) the BIA's refusal to remand the Petitioners' case to the IJ for consideration of their resubmitted motions to reopen and to reconsider.

## B.    Motion for Reconsideration of the Motion to Reopen

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the Immigration Judge's prior decision and shall be supported by pertinent authority."  8 C.F.R. § 1003.23(b)(2); see also INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C).  A motion to reconsider that "merely republishes the reasons that failed to convince the tribunal in the first place gives

10

the tribunal no reason to change its mind." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (quotation marks omitted). Consequently, a motion to reconsider that merely reiterates previously presented arguments does not specify errors of fact or law "as required for a successful motion to reconsider." Id.[4]

Here, the IJ did not abuse its discretion in denying the Petitioners' motion for reconsideration. In their reconsideration motion, Petitioners asserted that the IJ, in denying their motion to reopen, had applied the wrong legal standard for assessing prejudice. This claim lacked merit.

To obtain reopening based on ineffective assistance, an alien must show that "the performance of counsel [was] so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273 (11th Cir. Cir. 2005). In denying their motion to reopen, the IJ explained that the Petitioners had not presented any evidence of their son's hardship that they would have submitted but for their attorney's bad advice, and thus they had "not demonstrated any evidence that if they had had a different attorney, the result in court would have been any different." The IJ applied the correct legal standard in evaluating whether the Petitioners had shown prejudice.

---

[4]We review for an abuse of discretion the denial of a motion to reconsider. Calle, 504 F.3d at 1328.

The Petitioners' reconsideration motion also argued that the IJ had "overlooked" their prejudice argument.  The Petitioners then reiterated the same prejudice arguments they already had made in their motion to reopen, which is insufficient.  See Calle, 504 F.3d at 1329.  Given that the Petitioners' motion to reconsider did not identify any errors of law or fact in the IJ's denial of their motion to reopen, the IJ did not abuse its discretion in denying the motion for reconsideration.

## B.    BIA's Denial of Remand

The Petitioners also challenge the BIA's denial of what it construed as a motion to remand so the IJ could consider documents the Petitioners had submitted to the BIA.  These documents consisted of the Petitioners' previously filed motion to reopen and motion for reconsideration and their supporting evidence.  Because the IJ had already found that the evidence supporting these motions was insufficient to reopen the Petitioners' case, the BIA concluded that the Petitioners had "not demonstrated that this previously considered evidence warrants a remand of their case."

If an alien submits evidence to the BIA while an appeal is pending, the BIA generally treats it as a motion to remand for further proceedings before the IJ.  See 8 C.F.R. § 1003.2(c)(4), (d)(3)(iv).  If the motion to remand "is really in the nature of a motion to reopen or a motion to reconsider, it must comply with the

12

substantive requirements for such motions." Matter of Coelho, 20 I & N. Dec. 464, 471 (BIA 1992); see also Matter of Rivas, 26 I. & N. Dec. 130, 136 (BIA 2013) (stating that "the requirements for a motion to remand are essentially the same as for a motion to reopen"). The BIA may deny a motion to reopen that fails to introduce previously unavailable and material evidence. Chacku v. U.S. Att'y Gen., 555 F.3d 1281, 1286 (11th Cir. 2008); see also 8 C.F.R. § 1003.2(c)(1).[5]

The BIA did not abuse its discretion in refusing to remand the Petitioner's case to the IJ for consideration of the documents the Petitioners had submitted to the BIA. The Petitioners do not dispute that the evidence attached to the two motions was previously available and in fact had already been considered by the IJ and found insufficient to warrant reopening.

Instead, the Petitioners argue that because their motion to reopen/remand was based on ineffective assistance of counsel, they were not required to produce new evidence. Contrary to the Petitioners' argument, the BIA did not opine in Matter of N-K- & V-S-, that a motion to reopen based on ineffective assistance of counsel need not be supported by new evidence. See generally 21 I. & N. Dec. 879, 881 (BIA 1997). In fact, in Matter of N-K- & V-S-, the BIA granted the motion to reopen because the applicants had presented new evidence, namely, a declaration from one of the applicants about their prior counsel's deficient

---

[5]We review the BIA's denial of a motion to remand, construed as a motion to reopen, for abuse of discretion. Chacku, 555 F.3d at 1286.

13

performance and a letter from the prior counsel confirming the facts in the declaration.  Id. at 880-81.  Thus, Matter of N-K- & V-S- does not support the Petitioners' argument that they were not required to submit new evidence with their motion to remand/reopen filed with the BIA.

Because the evidence was clearly available, and the IJ had already considered it, the BIA did not abuse its discretion in not remanding the case back to the IJ.  Thus, we deny the petition with respect to the issues over which we have jurisdiction.

**PETITION DISMISSED IN PART AND DENIED IN PART.**