**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

RICARDO JAIR CERVANTES-
SOBERANO,

     Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

     Respondent.

No. 21-9540
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK** and **CARSON**, Circuit Judges.
_____

Ricardo Jair Cervantes-Soberano, a native and citizen of Mexico, seeks review of a Board of Immigration Appeals' (BIA) order that denied his motion to reopen as untimely. Exercising jurisdiction under 8 U.S.C. § 1252(a)(5), we deny his petition.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Cervantes-Soberano travelled between Mexico and the United States multiple times before entering the United States in April 2006 without admission or parole. Ten years later, the Department of Homeland Security began removal proceedings against him by filing a notice to appear. Represented by counsel, he appeared before an immigration judge (IJ) and conceded removability, but he requested cancellation of removal under 8 U.S.C. § 1229b on the basis that his departure from the United States would pose a hardship to his three children, who are United States citizens.[1]

At a merits hearing in 2017, Cervantes-Soberano explained that before settling in the United States in 2006, he went back and forth between the two countries to attend college in Mexico and work in the United States. He eventually remained in the United States to be with his wife and children. According to Cervantes-Soberano, his daughter suffers from a heart murmur and it would be expensive to get medical care for her in Mexico. As for his two sons, he testified that they are afraid to go to Mexico, but are otherwise "fine" and have no problems in school. R., Vol. I at 424. When pressed as to whether his children would actually accompany him to Mexico if he were removed, he said that "[s]ometimes my kids say 'Yes,' sometimes they say 'No,'" *id.*, but he "want[ed] to take them," *id.* at 425. In his application for cancellation of removal,

---

[1] The Attorney General may cancel an alien's removal and adjust his status to that of a lawfully admitted permanent resident if, among other things, the alien "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a United States citizen or lawful permanent resident." 8 U.S.C. § 1229b(b)(1)(D).

2

however, he stated that his children would not accompany him to Mexico due to the country's crime and violence, limited educational opportunities and medical services, and high unemployment. Finally, he testified that his parents, grandparents, and two siblings reside in Mexico and they could provide some limited assistance.

On January 23, 2018, the IJ found Cervantes-Soberano removable and denied his application for cancellation of removal. The IJ acknowledged the crime and safety concerns present in Mexico, as well as concerns related to the "emotional and financial hardship" the children would face if he "return[ed] to Mexico and the generally diminished opportunities available" if they accompanied him to Mexico. *Id.* at 338. But the IJ found those concerns were not "substantially beyond" those that would "ordinarily be expected to result from [an] alien's deportation." *Id.* (internal quotation marks omitted). As for his daughter's heart murmur, the IJ found no evidence it was a severe medical condition. The IJ then concluded that Cervantes-Soberano had not shown an exceptional and extremely unusual hardship entitling him to cancellation of removal. But the IJ granted voluntary departure.

Roughly three weeks later, on February 12, Cervantes-Soberano's counsel notified him of the IJ's decision and his obligation to post a departure bond. Cervantes-Soberano did not post a bond or leave the country, and he appealed to the BIA.

In June 2019, the BIA affirmed the IJ's decision and dismissed the appeal. The BIA noted that Cervantes-Soberano had not posted a voluntary departure bond, and ordered him removed to Mexico. He did not petition for review.

Instead, Cervantes-Soberano retained new counsel, and in July 2020, filed a motion in the BIA to reopen the proceedings due to ineffective assistance of counsel and newly discovered evidence.  He asserted that his prior counsel (1) "fail[ed] to provide proper actual notice of the IJ's final written decision[,]" which resulted in his loss of the "rights to enjoy the privileges of [voluntary departure]," *id.* at 36; and (2) failed to adequately prepare for the hearing and omitted "evidence of hardship factors which, when considered in the aggregate, would have allowed the IJ to find that [his] qualifying relatives would suffer exceptional and extremely unusual hardship if [he] departed the United States," *id.* at 39.  In particular, Cervantes-Soberano argued that his prior counsel should have submitted evidence of his son's ADHD and speech-therapy classes, his daughter's struggles in school due to her heart murmur and fear of family separation, psychological evaluations of the three children, and the safety and employment conditions in Mexico.

The BIA denied the motion as untimely.  It noted that Cervantes-Soberano's motion was filed more than ninety days after the June 2019 final removal order.  *See* 8 C.F.R. § 1003.2(c)(2) (providing that a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened").  The BIA declined to equitably toll the limitations period because Cervantes-Soberano waited over a year after the BIA's final decision to seek reopening, despite learning in February 2018 of the IJ's decision and his obligation to pay a departure bond.  Further, the BIA determined that even if Cervantes-Soberano had diligently pursued his rights, he failed to show a reasonable likelihood that the result

4

of his case would have been different if prior counsel had offered the new evidence. The BIA explained that the IJ had considered (1) evidence of Mexico's crime and violence problems and its low wages when assessing the hardship that removal would pose to Cervantes-Soberano's children; and (2) his daughter's heart murmur and the emotional hardship the children would suffer if he were separated from them. Thus, the BIA rejected equitable tolling and denied Cervantes-Soberano's motion to reopen.

## DISCUSSION
### I. Standards of Review

We review the denial of a motion to reopen for abuse of discretion. *See Qiu v. Sessions*, 870 F.3d 1200, 1202 (10th Cir. 2017). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (internal quotation marks omitted). In addition, "[w]e review the BIA's legal determinations de novo and its findings of fact under the substantial evidence standard." *Ramirez-Coria v. Holder*, 761 F.3d 1158, 1161 (10th Cir. 2014) (internal quotation mark omitted). In conducting our review, "we may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1123 (10th Cir. 2007) (internal quotation marks omitted).

### II. Equitable Tolling

Cervantes-Soberano does not contend that his motion to reopen was timely filed. Instead, he contends the BIA should have equitably tolled the limitations period. For

5

equitable tolling to apply, "an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll." *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) (internal quotation marks omitted); *see also Berdiev v. Garland*, 13 F.4th 1125, 1132 (10th Cir. 2021) (observing that an alien "bears the burden of persuasion to show that equitable tolling is warranted, including demonstrating due diligence in seeking reopening" (internal quotation marks omitted)).

## A.    Due Diligence

The BIA determined that Cervantes-Soberano did not show diligence in seeking reopening in July 2020, given that he learned in February 2018 that prior counsel had not promptly informed him of the IJ's January 23, 2018 decision and his obligation to post a voluntary-departure bond within five days of that decision. Cervantes-Soberano appears to argue that the BIA abused its discretion because prior counsel "told [him] to not worry about" missing the bond deadline and then continued to represent him both on appeal and when he sought a stay of deportation in May 2020. Pet'r Br. at 17 (italics and internal quotation marks omitted). We are not persuaded.

"[E]quitable tolling based on ineffective assistance of counsel [is] appropriate up to the point at which the alien knew or should have known of prior counsel's ineffectiveness." *Berdiev*, 13 F.4th at 1132 (internal quotation marks omitted). Cervantes-Soberano knew or should have known in February 2018 about any problems with prior counsel's representation, but he evidently decided to overlook them and to

6

continue with the representation.  Even after the BIA in June 2019 affirmed the IJ's

decision and declined to reinstate voluntary departure because there was no proof that a

departure bond had been posted, Cervantes-Soberano delayed seeking reopening for

another year.  *See* R., Vol. I at 72-73 (Cervantes-Soberano's affidavit, explaining he

finally decided to retain new counsel when he was given a deportation date after the

denial of the stay motion his prior counsel filed in May 2020).  Under these

circumstances, we conclude the BIA did not abuse its discretion in declining to equitably

toll the time in which to file a motion to reopen, because Cervantes-Soberano did not

show due diligence in filing the motion.  *See Berdiev*, 13 F.4th at 1134 (finding a lack of

due diligence "[w]here facts revealing counsel's ineffective assistance were known to

[the alien] for a significant period of time before he sought new counsel" and moved to

reopen); *Maatougui v. Holder*, 738 F.3d 1230, 1243, 1244 (10th Cir. 2013) (stating in the

context of due diligence that an alien "is not permitted to delay matters by pursuing

multiple avenues of relief seriatim, at least, not without an adequate explanation for [the]

delay" (internal citation and quotation marks omitted)).

B.    **Ineffective Assistance of Counsel**

Even if Cervantes-Soberano had shown due diligence, he was also required to

show ineffective assistance in order to qualify for equitable tolling.  *See Mahamat*,

430 F.3d at 1283.  "[A] claim of ineffective assistance of counsel in a deportation

proceeding" arises under "the Fifth Amendment guarantee of due process," *Akinwunmi v.*

*INS*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999), and requires the alien to show that his

attorney performed deficiently and prejudiced his case, *see Ochieng v. Mukasey*, 520 F.3d

1110, 1115 (10th Cir. 2008).[2]  To establish prejudice, the alien must show there is a reasonable likelihood that, but for his attorney's errors, he would have obtained the requested relief.  *See United States v. Aguirre-Tello*, 353 F.3d 1199, 1209 (10th Cir. 2004) (en banc).

The BIA determined that Cervantes-Soberano failed to show it was reasonably likely that his cancellation application would have been granted if prior counsel had submitted his new evidence.[3]  Cervantes-Soberano suggests that the BIA's analysis is flawed because it assumed prior counsel's deficient performance and then proceeded to address the prejudice prong of the ineffective-assistance test.  But the BIA's approach is well-established and within its discretion.  *See Strickland v. Washington*, 466 U.S. 668,

---

[2] The BIA assumed, as we do, that Cervantes-Soberano met the preliminary procedural requirements for claiming ineffective assistance of counsel.  *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988) (requiring that a claim of ineffective assistance of counsel be supported by (1) an affidavit detailing the agreement with counsel, (2) notice to counsel describing the allegations and providing an opportunity to respond, and (3) a complaint filed with the proper disciplinary authority or an explanation why no complaint was filed).

[3] The government argues we lack jurisdiction to consider this aspect of the BIA's decision.  We disagree.  We have "jurisdiction to review constitutional claims and questions of law, including those that arise in the circumstances specified at § 1229b(b)(1)."  *Galeano-Romero v. Barr*, 968 F.3d 1176, 1182 (10th Cir. 2020) (internal quotation marks omitted).  An alien's claim of ineffective assistance of counsel arises under the United States Constitution's Fifth Amendment.  *Akinwunmi*, 194 F.3d at 1341 n.2.  Thus, we have jurisdiction to consider the BIA's rejection of Cervantes-Soberano's ineffective-assistance claim.  *See Perez-Paredes v. Holder*, 561 F. App'x 774, 776 (10th Cir. 2014); *Hernandez v. Holder*, 412 F. App'x 155, 158, 159 (10th Cir. 2011); *Bernabe-Orduno v. Gonzales*, 244 F. App'x 190, 192 n.1 (10th Cir. 2007).  We cite these unpublished cases only for their persuasive value.  *See* 10th Cir. R. 32.1(A).

697 (1984) ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). We also assume deficient performance and therefore address only prejudice.

Next, Cervantes-Soberano argues the BIA failed to "evaluate the entirety of the new, material and relevant evidence" he submitted in support of reopening. Pet'r Br. at 28. In particular, he contends the BIA performed its prejudice analysis without discussing his son's speech therapy classes and ADHD diagnosis, the effect of his daughter's heart murmur on her ability to participate in school sports, a social worker's evaluation that "some of the children" have symptoms consistent with "a PTSD diagnosis," a teacher's letter stating that the daughter is struggling in school, and a new country-conditions report in light of threats against Cervantes-Soberano's mother by drug cartels. *Id.* at 27. But the BIA mentioned most of these items in its analysis of prejudice. *See* R., Vol. I at 4-5 (discussing new evidence of "crime and violence problems in Mexico," "the wages of farmers in Mexico," the daughter's "normal" echocardiogram result, the children's "mental health assessments," and the letter from the daughter's teacher). "[T]he BIA is not required to discuss every piece of evidence when it renders a decision," *Hadjimehdigholi v. INS*, 49 F.3d 642, 648 n.2 (10th Cir. 1995), or to "write an exegesis on every contention" raised by the alien, *Maatougui*, 738 F.3d at 1242-43 (internal quotation marks omitted).

Significantly, Cervantes-Soberano does not explain in his brief to this court how the outcome of his cancellation application would likely have been different if prior counsel had submitted the new evidence. Granted, the new evidence provides more

context as to whether Cervantes-Soberano's removal would create an exceptional and extremely unusual hardship for his children. But as the BIA stated, its omission by prior counsel was not prejudicial for two reasons. First, "the [IJ] explicitly considered the emotional hardship the children would suffer if [their father] were removed to Mexico, his daughter's heart condition, and [the] country conditions in Mexico" related to crime, violence, and low wages. R., Vol. I at 4, 5. Cervantes-Soberano's new evidence mostly reiterated these points. Second, the new evidence was not entirely supportive of a hardship, as it showed that "his two sons are doing well academically, his youngest son is 'very social' and 'is not displaying any social, emotional, or behavioral problems in the school environment,' his oldest son is articulate and enjoys playing team sports, and his daughter is performing at an average academic level and is interested in playing volleyball." *Id.* at 5. Thus, the new evidence had qualities both favoring and hindering a hardship finding.

We conclude that Cervantes-Soberano failed to show a reasonable likelihood that his new evidence would have changed the outcome of his application for cancellation of removal. Consequently, he cannot rely on ineffective assistance of counsel to equitably toll the time in which to seek reopening, and the BIA did not abuse its discretion in denying his motion.[4]

---

[4] To the extent Cervantes-Soberano complains that prior counsel failed to prepare him for the cancellation hearing or proffer evidence of family support in the United States, he does not identify how he was prejudiced. We do not consider perfunctory arguments lacking developed argumentation. *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004).

## CONCLUSION

We deny the petition for review.

Entered for the Court


Bobby R. Baldock
Circuit Judge