**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-60212
Summary Calendar

MOHAMMAD ALI SHIRAZ

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 008 197

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Mohammad Ali Shiraz, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals's (BIA's) dismissal of his appeal of the Immigration Judge's (IJ's) order denying his claim for withholding of removal and denying his motion to reopen and remand. There is no merit to Shiraz's argument that the IJ abused her discretion by not granting him a continuance to allow him to file his application for withholding of removal with

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supporting documentation. Counsel failed to meet the IJ's deadline for filing the withholding application, and counsel did not request an extension of the filing deadline until the day of the hearing. Furthermore, the IJ had already granted Shiraz more than one continuance, and the case had been on her docket for three years when she denied the request. Shiraz did not give a credible reason for his inability to obtain the requisite supporting documentation from Pakistan. The documentation he later submitted was simply downloaded from internet websites. The information does not appear to relate to Shiraz, individually, or to any of his family members, and he does not claim that it does. Nor does he assert that this information, dated prior to his hearing, could not have been obtained from the internet before the hearing. Accordingly, Shiraz failed to show good cause for a continuance. 8 C.F.R. § 1003.29. The IJ did not abuse her discretion in denying his motion for a continuance, and the BIA did not err in adopting the IJ's ruling on the motion. *See Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008); *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006). Because Shiraz has not shown good cause for a continuance, his claim that the IJ's denial of a continuance violated his due process rights under the Fifth Amendment is without merit. *Ali v. Gonzales*, 440 F.3d 678, 681 (5th Cir. 2006). Shiraz has not sufficiently briefed his assertion that the denial of a continuance was a violation of the Equal Protection Clause. Accordingly, the argument is waived.

Shiraz challenges the IJ's determination that he abandoned his withholding application by failing to file it by the deadline and by failing to comply with the biometrics instructions. His challenge lacks merit. 8 C.F.R. § 1003.47(b)(7), (c) & (d). Shiraz never provided the IJ with a reason for his failure to comply with the biometrics deadline and, as already noted, his excuse for failing to comply with the deadline for his withholding application was unpersuasive.

Shiraz also argues that the IJ violated his due process rights by not warning him about the consequences of not filing his withholding application by

the deadline. There is no caselaw or statute to support this argument, and counsel presumably knew of the pertinent regulations stating that failure to file by relevant deadlines could result in an application being deemed abandoned. *See id. at* § 1003.47(c) & (d). This argument is unavailing.

Shiraz argues that the IJ should have ruled upon his motion to reopen, filed after his notice of appeal to the BIA, or that the BIA should have granted remand of the case to the IJ for consideration of his withholding application. He asserts that his withholding application is based on a credible fear of persecution due to his and his family's political opinion and past persecution in Pakistan. He asserts that he provided new and previously unavailable evidence to support the application. As already noted, Shiraz failed to introduce previously unavailable, material evidence. *See INS v. Doherty*, 502 U.S. 314, 323 (1992); 8 C.F.R. § 1003.2(c). Nor has he asserted a basis for the IJ's jurisdiction to rule on his motion after he filed his notice of appeal to the BIA. The motion may be deemed a motion to remand and be considered by the BIA in connection with the appeal. *See* 8 C.F.R. § 1003.2(c)(4). Shiraz has not shown that he was entitled to a ruling in his favor. *See Doherty*, 502 U.S. at 323-24; *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005). The BIA did not abused its discretion in not remanding the case to the IJ for a ruling on his application for withholding of removal. *See Manzano-Garcia*, 413 F.3d at 469.

PETITION DENIED.