# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60202
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2013

Lyle W. Cayce
Clerk

LAZARO VELAZQUEZ-DIAS,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 457 356

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Lazaro Velazquez-Dias, a native and citizen of Mexico, has filed a petition for review of the Board of Immigration Appeals (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) order pretermitting and denying his application for cancellation of removal and designating removal to Mexico. Velazquez-Dias argues that his motion for an extension of time showed good cause for failing to comply with the time requirements set by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60202

IJ for filing his application for relief and supporting documents. Specifically, he asserts that his motion informed the IJ that reasonable efforts were made to retrieve documents relevant to his application and that he exercised due diligence in filing the application EOIR-42B with the United States Citizenship and Immigration Services. He further asserts that the record shows that he established prima facie eligibility for cancellation of removal.

Under 8 C.F.R. § 1003.47(b)(5), (c) & (d), an alien's failure to file the necessary documentation to support his cancellation application and to provide biometrics, all within the time allowed by the IJ's order, constitutes abandonment of the application. In such cases, the IJ may dismiss the application unless the applicant demonstrates that his failure to file the necessary documents was the result of good cause. 8 C.F.R. § 1003.47(c). The decision whether to grant a motion to continue lies within the sound discretion of the IJ. *Witter v. INS*, 113 F.3d 549, 555 (5th Cir. 1997).

We have jurisdiction to review the IJ's implicit decision to deny Velazquez-Dias's motion for continuance.[1] *See Ahmed v. Gonzales*, 447 F. 3d 433, 437 (5th Cir. 2006). "When, as here, the BIA affirms the immigration judge and relies on the reasons set forth in the immigration judge's decision, this court reviews the decision of the immigration judge as well as the decision of the BIA." *Id.* We review both the IJ's denial of a continuance and the BIA's denial of the appeal for abuse of discretion. *Witter*, 113 F.3d at 555.

Velazquez-Dias's motion for an extension of time, filed on the date that his application for cancellation of removal was due, did not provide the IJ with

---

[1] Citing petitioner's failure to timely file his application for cancellation of removal and supporting documents, the IJ found that Velazquez-Dias had abandoned any claim for relief and ordered him removed to Mexico. The IJ did not explicitly rule on Velazquez-Dias's motion for an extension of time but implicitly denied it through his removal order. The BIA affirmed the IJ's implicit denial of the motion for an extension (finding Velazquez-Dias failed to show good cause), his subsequent denial of Velazquez-Dias's application for cancellation of removal, and his order removing Velazquez-Dias to Mexico.

No. 13-60202

a reason for his failure to comply with the deadline. The motion merely said that Velazquez-Dias exercised due diligence in filing the EOIR-42B application for cancellation of removal with the United States Citizenship and Immigration Services, though both the EOIR-42B and the IJ's prior order explicitly required the petitioner to file his EOIR-42B with the court. Nor did the motion explain why the fee receipt was not submitted, except to say that the application fee had only been paid on March 9, 2012. Velazquez-Dias could have filed his cancellation application without supporting documents with the IJ and prior to the BIA appeal, but failed to do so in both cases. In his brief before this court, Velazquez-Dias does not present any argument explaining why he was unable to timely file an application for cancellation of removal. His arguments are conclusory and do not show good cause for failing to timely file his application. His reliance on the test for good cause outlined in *Matter of Hashimi*, 24 I&N Dec. 785, is misplaced, as that case considered a continuance pending adjudication of a family-based visa petition. Moreover, petitioner's failure to file an application meant he could not establish his prima facie eligibility for cancellation of removal. As Velazquez-Dias did not establish good cause for failing to comply with the deadline, the IJ did not err in denying a continuance, and the BIA did not err in dismissing Velazquez-Dias's appeal. *See* § 1003.47(c), (d).

His petition for review of this issue is DENIED.

3