FILED
United States Court of Appeals
Tenth Circuit

August 1, 2014

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GUSTAVO RAMIREZ-CORIA,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 13-9604

**PETITION FOR REVIEW OF DECISION OF THE
BOARD OF IMMIGRATION APPEALS**

Submitted on the briefs:[*]

Gustavo Ramirez-Coria, Pro Se.

Stuart F. Delery, Assistant Attorney General, Civil Division, Jennifer Williams, Senior Litigation Counsel, Colette J. Winston, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice Washington, D.C., for Respondent.

Before **MATHESON**, **ANDERSON**, and **PHILLIPS**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**ANDERSON**, Circuit Judge.

Gustavo Ramirez-Coria, a citizen of Mexico, sought cancellation of removal. The Immigration Judge (IJ) concluded that Ramirez-Coria had abandoned his application and not shown good cause for failing to provide required biometric information for over two years. The Board of Immigration Appeals (BIA) affirmed, and Ramirez-Coria now petitions this court for review. We deny his petition.

## I. BACKGROUND

Ramirez-Coria illegally entered the United States in 1995. He was placed in removal proceedings in April 2009, and conceded removability at his initial hearing. At a second hearing in May 2009, Ramirez-Coria requested a continuance in order to complete his application for cancellation of removal (Form EOIR-42B), under 8 U.S.C. § 1229b(b)(1). The IJ rescheduled the hearing for June 2009, at which Ramirez-Coria submitted his EOIR-42B application. His application was incomplete, however, because he had failed to follow the instructions on the Form requiring him to provide biometric information, including his fingerprints, as required by 8 C.F.R. § 1003.47.

Applicants for cancellation of removal are required to submit to an identity, law enforcement, or security investigation, which includes the requirement of providing biometrics. *Id*. § 1003.47(b)(5), (d). To ensure that the Department of Homeland Security (DHS) has completed this investigation before adjudication of the application, applicants are required to follow procedures described in § 1003.47 and

the instructions on the applicable application form. *Id.* § 1003.47(a), (c). The instructions on Form EOIR-42B directed Ramirez-Coria to (1) attend an appointment with a nearby immigration Application Support Center (ASC) to provide biometric information; (2) obtain a biometrics confirmation notice from the ASC and bring it to his hearing as evidence he had provided his biometrics; and (3) file the completed Form EOIR-42B application and all supporting documentation with the Immigration Court within the time period directed by the IJ. Aplt. App. at 202.

Because Ramirez-Coria had not included the biometric information with his application, the IJ rescheduled his hearing to October 2010, eighteen months away. The IJ informed Ramirez-Coria:

> Sir, you have to get your fingerprints done and this document tells you how you need to do it. Your attorney knows about it but at the end of the day, it's your obligation to make sure that the instructions are followed. If you fail to do that, your application could be denied simply because you haven't followed the instructions on the form. So make sure you take care of that. And that biometric form is marked as Exhibit 4.

*Id.* at 113-14.

The IJ later rescheduled the hearing to January 2012, but shortly before the hearing Ramirez-Coria's counsel moved to withdraw, stating his client had "lost interest in his own case." *Id.* at 267. New counsel entered an appearance, and the hearing was rescheduled for March 2, 2012.

Ramirez-Coria submitted his supporting documentation for the application two days before the March hearing, but without the biometric information. At the

hearing, counsel told the IJ that Ramirez-Coria had gone to an ASC the day before and provided his fingerprints. Officials at ASC would not take Ramirez-Coria's fingerprints without any identification or birth certificate, and counsel stated that Ramirez-Coria had lacked any form of identification for the past three years until the day before the hearing. The government stated that DHS had no record that Ramirez-Coria had provided his fingerprints. Counsel did not dispute the IJ's observation that the DHS obviously had not had time to complete its required investigation. The IJ also noted that all of Ramirez-Coria's supporting documentation for the application was untimely because the Immigration Court Practice Manual requires all filings to be submitted at least fifteen days in advance of the hearing. Counsel stated her office had been diligent in contacting Ramirez-Coria, but he had been working a lot and it had been difficult to get the documentation.

The IJ determined that Ramirez-Coria's application for cancellation of removal should be deemed abandoned and concluded that he had not shown good cause for failing to complete the biometric requirement in over two years, nor had his counsel ever informed the IJ that he was having any problem obtaining his fingerprints. The IJ dismissed his application, but granted Ramirez-Coria voluntary departure. Ramirez-Coria appealed to the BIA, which concluded the IJ properly deemed his cancellation-of-removal application abandoned, and it dismissed his appeal.

## II. DISCUSSION

The applicable regulation states that an applicant for cancellation of removal "shall make arrangements" to provide the required biometric information "before or as soon as practicable after the filing of the application for relief in the immigration proceedings." § 1003.47(d). Under 8 C.F.R. § 1003.47(b)(5), (c) & (d), failure to provide this biometric information and to file the necessary documentation to support a cancellation-of-removal application in conformity with the applicable regulations and instructions constitutes abandonment of the application. In such cases, the IJ may dismiss the application unless the applicant demonstrates that his failure to file the necessary documents was the result of good cause. *Id.* § 1003.47(c).[1] An immigration judge is prohibited from granting an adjustment application where the security background checks based on an applicant's fingerprinting and biometric information have not been completed. *Id.* § 1003.47(g).

In this case it is the BIA's order that we review. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "However, when seeking to understand the

---

[1]     Section 1003.47(c) provides in part:

> Failure to file necessary documentation and comply with the requirements to provide biometrics and other biographical information in conformity with the applicable regulations, the instructions to the applications, the biometric notice, and instructions provided by DHS, within the time allowed by the immigration judge's order, constitutes abandonment of the application and the immigration judge may enter an appropriate order dismissing the application unless the applicant demonstrates that such failure was the result of good cause.

grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Id.* We review the BIA's legal determinations de novo and its "findings of fact under the substantial evidence standard." *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). Our circuit has not had occasion to determine the appropriate standard of review to apply to the determination to dismiss an application as abandoned without good cause under § 1003.47(c). We apply an abuse-of-discretion standard to other regulations giving the IJ discretion to determine if an applicant has shown "good cause." *See Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011) (applying abuse-of-discretion standard to IJ's decision to grant a motion for continuance under 8 C.F.R. § 1003.29, which states that the IJ "may grant a motion for continuance for good cause shown"); *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1160 (10th Cir. 2006) (describing as discretionary an IJ's decision to transfer a removal proceeding under 8 C.F.R. § 1003.20(b) for "good cause"). Section 1003.47(c) states that "the immigration judge *may* enter an appropriate order dismissing the application" for failure to provide the required biometric information. § 1003.47(c) (emphasis added). Based on this discretionary language, we review the determination to dismiss Ramirez-Coria's application as abandoned for an abuse of discretion. *See Gomez-Medina v. Holder*, 687 F.3d 33, 38 (1st Cir. 2012) (citing § 1003.47(c)'s discretionary language as basis for reviewing abandonment determination for abuse of discretion). The BIA "abuses its discretion when its decision provides no rational

- 6 -

explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (internal quotation marks omitted).

In his petition for review, Ramirez-Coria first argues he complied with § 1003.47. He asserts that the IJ and the government both acknowledged he had satisfied the biometrics requirement one day before the hearing. But the record does not support these assertions. To the contrary, the BIA found that Ramirez-Coria "*never* provided proof to the [IJ] that his biometrics had been completed." Aplt. App. at 9 n.1. The BIA noted the exhibit dated March 1, 2012, submitted to the IJ by Ramirez-Coria, did not demonstrate that he had provided his fingerprints that day, *id.*, but rather was a referral notice directing him to provide his fingerprints 30 to 90 days before his hearing; *id.* at 150. The record supports the BIA's finding that Ramirez-Coria never provided the requisite proof that he completed the biometric process. Moreover, it is undisputed that no biometric data was available in time for the hearing.

Ramirez-Coria also argues that the IJ and the DHS failed to notify or instruct him of the need to provide his biometric information. The record flatly contradicts this claim. The instructions on Form EOIR-42B directed Ramirez-Coria to bring proof he had completed the biometric process to his hearing. *Id.* at 202. The IJ expressly notified Ramirez-Coria that it was his obligation to provide his biometric information, directed him to the instructions on Form EOIR-42B, and warned him

- 7 -

that failure to provide biometrics would result in dismissal of his application. *Id*. at 113-14.

Finally, Ramirez-Coria argues the IJ abused its discretion in deeming his application abandoned and dismissing it, claiming he showed good cause for not complying with the biometric requirement. He states he made numerous attempts to provide his fingerprints, but he was turned away each time because he lost his Mexican birth certificate and ASC would not begin the biometric process until he could provide it. He states he was unable to persuade his family in Mexico to help him obtain a copy of his certificate.

The BIA concluded, as had the IJ, that these reasons failed to demonstrate good cause for failing to complete the biometric requirement. The BIA reasoned that Ramirez-Coria had over 2½ years between his first hearing and the March 2012 hearing, so his failure to obtain a copy of his lost birth certificate in that amount of time did not constitute good cause for failing to complete the biometric requirement. Further, the BIA noted that prior to the March hearing, his counsel had never indicated to the IJ that Ramirez-Coria needed additional time to provide his biometrics.

We conclude that the BIA did not abuse its discretion in affirming the IJ's dismissal of Ramirez-Coria's application for cancellation of removal. The IJ acted well within his authority under § 1003.47(c) to determine that Ramirez-Coria's failure to complete with the biometric requirement and to provide all the supporting

documentation to complete his cancellation-of-removal application after more than two years' time constituted an abandonment of his applications. As noted, Ramirez-Coria knew he had to complete the biometric requirement, knew the penalties for failing to do it, and had ample time in which to complete it. All of the reasons that Ramirez-Coria asserts as good cause are attributable to his own failure to act, including his failure to obtain a copy of his birth certificate or other identification. *See Umezurike v. Holder*, 610 F.3d 997, 1002-03 (7th Cir. 2010) (holding IJ did not abuse her discretion in determining applicant failed to demonstrate good cause where for 2½ years, he failed to present himself for fingerprinting until three days before the hearing, by which time it was too late to receive the biometric data in time for the hearing).

The BIA provided a rational explanation for its conclusion and Ramirez-Coria has not shown that the Board's decision "inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon*, 386 F.3d at 1362 (internal quotation marks omitted). The petition for review is denied.