# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60395
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2017

Lyle W. Cayce
Clerk

JOSE MARIA LICONA-ACOSTA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 481 438

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Jose Maria Licona-Acosta, a native and citizen of Honduras, petitions this court for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He contends that the BIA erred in affirming the IJ's denial of relief based on an adverse credibility determination because it was not supported by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the record.   He also argues that the IJ did not consider his educational background, his nervousness when providing his prior statements, and translational issues causing inconsistencies.

Because the BIA adopted the IJ's decision, this court may review the decisions of both the BIA and the IJ.  *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).   The BIA's decision to uphold the IJ's adverse credibility determination is reviewed under the substantial evidence standard.  *Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017).   An adverse credibility determination "must be supported by specific and cogent reasons derived from the record."   *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009) (internal quotation marks and citation omitted).   A court can rely on any inconsistency or omission to make an adverse credibility determination so long as the totality of the circumstances shows the asylum applicant is not credible.  *Id.* at 538; *see Dayo v. Holder*, 687 F.3d 653, 657 (5th Cir. 2012).  We will defer to a "credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Wang*, 569 F.3d at 538.

The record does not compel a determination that Licona-Acosta was credible, and he has failed to show that, under the totality of the circumstances, no reasonable factfinder could have made the adverse credibility ruling.  *See Wang*, 569 F.3d at 538-40.   In view of the adverse credibility determinations, Licona-Acosta has failed to show that the BIA erred in affirming the denial of his applications for asylum, withholding of removal, and relief under the CAT. *See Dayo*, 687 F.3d at 657-59; *Wang*, 569 F.3d at 538-39.

In addition, Licona-Acosta contends that the BIA and IJ erred in finding that he failed to comply with the regulatory requirement.   Under 8 C.F.R. § 1003.47(b), (c) & (d), an alien's failure to file the necessary documentation to

support his applications for asylum, withholding of removal, and relief under the CAT and to provide biometrics, all within the time allowed by the IJ's order, constitutes abandonment of the application. The IJ may dismiss the application unless the applicant demonstrates that his failure to file the necessary documents was the result of good cause. § 1003.47(c).

The IJ advised that Licona-Acosta would be required to comply with the security and biometrics requirements and that his application could be denied if he failed to do so without reasonable cause; Licona-Acosta stated that he understood. Although Licona-Acosta submitted a receipt dated April 1, 2013, stating that he complied with the biometrics requirements, the results were not current as of the date of the August 2014 hearing. The IJ advised Licona-Acosta to update the information by October 6, 2014, or the IJ could deem the applications abandoned. The IJ acted in accordance with the plain language of these regulations, and Licona-Acosta has not shown an abuse of discretion in connection with the IJ's decision or the BIA's dismissal of his appeal. *See* § 1003.47(c); *Velazquez-Dias v. Holder*, 550 F. App'x 249, 249-50 (5th Cir. 2013). Accordingly, Licona-Acosta's petition for review is DENIED.