# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60167

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2018

Lyle W. Cayce
Clerk

YUDHVIR SINGH,

      Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

      Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 067 254

Before DENNIS, CLEMENT, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Yudhvir Singh seeks review of a final order of removal by the Board of
Immigration Appeals (BIA). The BIA dismissed Singh's appeal from an
Immigration Judge's (IJ) order dismissing his application for asylum,
withholding of removal, and protection under the United Nations Convention
Against Torture and other Cruel, Inhuman or Degrading Treatment or
Punishment, 1465 U.N.T.S. 85, (CAT) as abandoned. The BIA agreed with the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-60167

IJ that Singh failed to submit biometric information, as required by 8 C.F.R. § 1003.47, and failed to show good cause for his noncompliance.  Finding no abuse of discretion, we DENY the petition in part and DISMISS in part.

# I

Having entered the United States without inspection in March 2015, Yudhvir Singh, a thirty-two-year-old Sikh man, who is a native and citizen of India, was detained and charged with being removable.[1]  An asylum officer determined that he had made a sufficient showing of past persecution on the basis of his religious and political party membership, and a credible fear of future persecution.

In furtherance of Singh's pursuit of immigration relief, his counsel, Samuel Maina, prepared a Form I-589 application for asylum, withholding of removal, and protection under the CAT, which he and Singh signed in August 2015.  A master calendar hearing was scheduled for December 10, 2015, in New Orleans, Louisiana.  Maina, whose office was located in California, sought and obtained leave to appear telephonically at the hearing.  However, Dorothy L. Tarver, a New Orleans attorney, appeared at the December 10 hearing to represent Singh; her notice of appearance stated that she was appearing for Maina, who did not appear by telephone.  After the IJ determined that Singh's I-589 application had not yet been filed, the hearing was reset for December 17.  Tarver again appeared on Singh's behalf at the December 17 hearing.  The IJ received in court Singh's application and asked Tarver whether she had sent the application to a United States Citizenship and Immigration Services

---

[1] Singh was detained in Arizona and, after being released on bond, requested to transfer his case to an Immigration Court near McComb, Mississippi, where he had moved to live among friends and family.  Singh's case was subsequently transferred to the Immigration Court in New Orleans, Louisiana.

No. 17-60167

(USCIS) service center.  Tarver responded that she believed that Maina had sent the application by mail.

The IJ set Singh's merits hearing for July 13, 2016, and advised Singh that "[t]hirty days prior to that date you must submit proof that you have been fingerprinted per the biometrics instructions which were provided to your attorney" and that "[f]ailure to timely comply with the instructions in the fingerprint notice may constitute an abandonment of the application and could result in it being dismissed absent good cause."  Singh indicated that he understood.  The IJ advised Tarver of the same, and Tarver indicated that she would comply.

However, Singh did not submit proof of compliance with the biometrics requirement within thirty days of the July 13 hearing.  On June 27, 2016, the IJ issued Singh, through Tarver, an order to show cause, instructing Singh to submit by July 13, 2016, proof of his compliance with the biometrics requirement or evidence establishing good cause for his noncompliance.

Upon Maina's request, Tarver again appeared on Singh's behalf at the July 13 hearing.  She stated that she had not received a notice from the Department of Homeland Security (DHS) setting up a biometrics appointment and that she had confirmed with Maina that neither he nor Singh had received such a notice.  She also stated that she had not filed Singh's application with USCIS, but that it was her understanding that Maina had filed it.  She apologized to the court, explaining that she was not instructed to file the application and that she was not Singh's attorney.  The IJ countered that she was Singh's attorney before the court, "which is the only thing that counts."  In response, Tarver stated that she had not known until the hearing that the application had not been filed.

The IJ recessed the hearing so that Tarver could contact Maina to determine whether he had filed the application with USCIS.  When the hearing

resumed, Tarver confirmed that Maina had not filed the application with USCIS. Tarver stated that Singh "tried to have his fingerprints taken [after the court's order to show cause] but they wouldn't accept him without the notice." The DHS then moved to dismiss Singh's application as abandoned for failure to comply with the biometrics requirement. In response, Tarver stated that Singh did not know that his application had not been filed with USCIS and reiterated that he had tried to comply with the biometrics requirement after she received the order to show cause.

The IJ deemed Singh's application abandoned, denied his application, and ordered him removed. The IJ reasoned that Tarver's and Maina's failure to file the application with USCIS, and Singh's attempt to be fingerprinted after the show-cause order, did not constitute good cause to excuse Singh's noncompliance with the biometrics requirement.

Singh, solely represented by Tarver, appealed the IJ's decision to the BIA, arguing that Maina's ineffectiveness deprived him of due process and constituted good cause for failing to comply with the biometrics requirement. The BIA, however, agreed with the IJ and dismissed the appeal. The BIA concluded that, even assuming Singh complied with the procedural requirements for raising a claim of ineffective assistance of counsel set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988)), "it is unclear that any ineffective assistance from Mr. Maina excuses the failure to comply with biometrics." The BIA reasoned that Tarver was Singh's attorney of record as of December 2015, and that she made no timely attempt to advise the IJ of the issues described in Singh's brief or to file a motion to continue the hearing to allow Singh more time to comply with the biometrics requirement. Singh filed a timely petition for review.

No. 17-60167

## II

We have authority to review a final order of removal from the BIA pursuant to 8 U.S.C. § 1252(a). Though we generally have authority to review only the BIA's decision, we will consider the IJ's decision where it influenced the BIA's determination. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). We consider the BIA's conclusions of law de novo, *see Ogunfuye v. Holder*, 610 F.3d 303, 305 (5th Cir. 2010), and its determination to dismiss an application as abandoned under § 1003.47(c) for abuse of discretion. *See Licona-Acosta v. Sessions*, 697 F. App'x 438, 439 (5th Cir. 2017) (establishing the standard of review based on the plain language of 8 C.F.R. § 1003.47(c)).

## III

An applicant seeking relief from removal must submit biometrics information, such as fingerprints, so that the DHS can verify the applicant's identity and conduct a security investigation. *See Ogunfuye*, 610 F.3d at 305–06 (citing § 1003.47(a), (b)). An applicant's failure to comply with the biometrics requirement may result in the application being dismissed as abandoned. *Id.* at 306 (citing § 1003.47(c)). To comply with the biometrics requirement, the application must be filed with a USCIS service center, which in turn causes the DHS to schedule a biometrics appointment and issue a notice of the appointment.

Because Singh did not submit fingerprints by the July 2016 hearing, as required by § 1003.47(a) and (b), the IJ and the BIA deemed his asylum application abandoned and dismissed it for lack of good cause under § 1003.47(c). In his petition for review, Singh, still represented by Tarver, argues that the BIA abused its discretion by deeming his application abandoned because Maina's ineffective assistance constituted good cause for his failure to comply with the biometrics requirement. He also argues that the IJ erroneously believed that dismissal of his application was mandatory, and

not discretionary, under § 1003.47, and that the IJ and BIA erroneously found that the DHS had provided the requisite biometrics instruction sheet to him.

## A

Singh argues that Maina's ineffective assistance constituted good cause for his failure to comply with the biometrics requirement.  Though there is no Sixth Amendment right to effective counsel during removal proceedings, we have "repeatedly assumed without deciding" that a non-citizen's ineffective-assistance-of-counsel claim may implicate the Due Process Clause of the Fifth Amendment.  *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006).  An ineffective-assistance-of-counsel claim may be appropriate where representation "was so deficient as to impinge upon the fundamental fairness of the hearing," resulting in substantial prejudice.  *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 n.2 (5th Cir. 2001).  To support a claim of ineffective assistance during removal proceedings, an individual must comply with the requirements set forth in *Lozada* and demonstrate that counsel's actions resulted in substantial prejudice.  *See Mai*, 473 F.3d at 165 (citing *Lozada*, 19 I. & N. Dec. at 639–40); *Goonsuwan*, 252 F.3d at 385 n.2.  Substantial prejudice results where there is "a reasonable likelihood that but for the errors complained of [the individual] would not have been deported."  *See United States v. Villanueva-Diaz*, 634 F.3d 844, 852 (5th Cir. 2011) (internal quotation marks omitted).

We decline to decide whether there was a due process violation in the instant matter, however, because we conclude that the BIA did not abuse its discretion in determining that Maina's "lack of communication" and "inaction" did not constitute good cause for failure to comply with the biometrics requirement, given Tarver's representation of Singh beginning in December 2015.

No. 17-60167

Singh argues that Tarver merely represented him on behalf of Maina and had no further contact with him or Maina during that six-month period leading up to the July hearing.  Singh further argues that there is no evidence that Maina withdrew as counsel, that Tarver replaced Maina as counsel, or that Maina asked anyone else to file the application on his behalf.  His arguments are unavailing.  Regardless of their precise roles, the record demonstrates that both Maina and Tarver represented Singh in some capacity between Singh's December 2015 and July 2016 hearings.  Maina initially asked Tarver to represent Singh at the December 2015 hearing, and Tarver entered an appearance before the IJ, certifying that she was "attorney or representative for" Singh.  Maina then asked Tarver to represent Singh again at the July 2016 hearing.  At that hearing, Tarver conferred with Maina about the status of Singh's application, and the IJ noted that Tarver was Singh's attorney before the court.

Moreover, Tarver represented Singh at every meaningful juncture in the removal proceedings.  Tarver was present at the December hearing, where the IJ advised both her and Singh of the consequences of failing to comply with the biometrics requirement, and both indicated that they understood and would comply.  Tarver represented Singh again at the July 2016 merits hearing, where the IJ made a final decision regarding Singh's asylum application. Because Singh, with Tarver's representation, had opportunities to comply with § 1003.47 during the relevant six-month period, the BIA did not abuse its discretion in concluding that Maina's actions did not constitute good cause.  *See Umezurike v. Holder,* 610 F.3d 997, 1002–03 (7th Cir. 2010) (upholding IJ's determination of no good cause where, despite receiving a lengthy period to comply, applicant failed to present himself for fingerprinting until three days before the hearing, by which time it was too late); *Ogunfuye,* 610 F.3d at 305–06 (upholding IJ's determination of no good cause where applicant's failure to

7

submit fingerprints resulted from an "office mistake" that counsel failed to detect).

In affirming the IJ, the BIA also considered that Singh made no attempt to inform the IJ about any issues he had obtaining fingerprints or to request a continuance at the July hearing.  At the December hearing, the IJ advised Tarver and Singh that Singh was required to submit fingerprints within thirty days of the July 2016 hearing and warned them of the consequences of failing to comply, including the possibility that Singh's application would be deemed abandoned and dismissed absent good cause.  Both Tarver and Singh indicated that they understood and would comply.  Singh has not explained why the IJ was not informed of any compliance problems prior to the July 2016 hearing, or why, despite Tarver's representation at that hearing, Singh failed to request a continuance to submit fingerprints.  Thus, the BIA's dismissal of Singh's application was not an abuse of discretion.  *See Shiraz v. Holder*, 327 F. App'x 494, 496 (5th Cir. 2009) (upholding dismissal of application as abandoned where petitioner offered no credible reason for failing to comply with the biometrics requirement); *Ramirez-Coria v. Holder*, 761 F.3d 1158, 1161 (10th Cir. 2014) (upholding dismissal of application where applicant had two years to submit fingerprints and counsel never informed the IJ of any compliance problems); *see also Juarez v. Holder*, 599 F.3d 560, 566 n.5 (7th Cir. 2010) (upholding dismissal of application as abandoned where petitioners' failure to make a biometrics appointment was due to lack of communication and counsel's failure to devote adequate time to the case).

## B

Singh next argues, for the first time on appeal, that the IJ erroneously believed that dismissal under § 1003.47 was mandatory and not discretionary, and both the IJ and BIA erroneously found that the DHS had provided Singh the requisite biometrics instruction sheet under § 1003.47(d).  Because Singh

did not raise these issues before the BIA, we lack jurisdiction to consider them. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009) (noting that a petitioner's "failure to exhaust an issue [by raising it before the BIA] deprives this court of jurisdiction").

*** 

For these reasons, we DENY Singh's petition in part and DISMISS in part for lack of jurisdiction.