FILED
United States Court of Appeals
Tenth Circuit

January 22, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JORGE EDUARDO ARAIZA,

      Petitioner,

v.

WILLIAM BARR, United States Attorney
General,

      Respondent.

No. 19-9568
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

The Board of Immigration Appeals ("BIA") dismissed Jorge Eduardo Araiza's

appeal of an immigration judge's denial of his request for a continuance and dismissal of

his application for cancellation of removal as abandoned.  Mr. Araiza petitions this court

for review of these decisions.  He argues the BIA abused its discretion.  Exercising

jurisdiction under 8 U.S.C. § 1252(a), we deny Mr. Araiza's petition for review.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

1

## I. BACKGROUND

### 1. Initiation of Removal Proceedings

Mr. Araiza, a Mexican citizen, entered the United States in 2000 without being lawfully admitted and was later convicted of various crimes. The Department of Homeland Security ("DHS") detained Mr. Araiza due to these convictions. DHS served Mr. Araiza with a notice to appear ("NTA") charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) of the Immigration and Nationality Act ("Act").

Removal proceedings began in September 2011. When neither Mr. Araiza nor his counsel, Kent Felty, appeared at the August 2012 hearing, the immigration judge ("IJ") entered an in absentia removal order. Mr. Araiza, through Mr. Felty, filed a notice of appeal to reopen, requested and received a continuance, and moved to appoint new counsel. His new counsel, Amado Cruz and Byung Kim, requested suspension of the IJ's in absentia removal order because Mr. Felty had provided ineffective assistance of counsel. The BIA agreed, vacated the removal order, and remanded.

### 2. Post-Remand Proceedings

#### a. *Pre-merits hearing*

In December 2013, Mr. Araiza appeared at his next hearing with his new counsel, Jonathon Shaw, who asked for and received a continuance to review the NTA. After this review, Mr. Araiza submitted pleadings admitting the NTA's allegations and conceding removability. In March 2014, the IJ found Mr. Araiza removable. Mr. Araiza then applied for cancellation of removal.

2

In a September 2016 hearing, the IJ scheduled the merits hearing on cancellation for January 30, 2018.[1]  The IJ expressed concern about the absence of documents supporting Mr. Araiza's cancellation of removal application, such as a "detailed criminal history chart," and requested them by December 30, 2017.  ROA at 64-65.

In July 2017, the IJ granted attorney Cristina Uribe-Reyes's motion to replace Mr. Shaw as Mr. Araiza's counsel.  On November 22, 2017, the IJ granted Ms. Uribe-Reyes's November 1, 2017 motion to withdraw and declared the merits hearing would still go forward on January 30, 2018.

b.  *Merits hearing*

At the January 30, 2018 merits hearing, new counsel John Ritten explained he first spoke with Mr. Araiza two weeks prior and was retained on January 29.  Although Mr. Ritten had "absolutely no hardship evidence" to support Mr. Araiza's cancellation of removal application, he thought Mr. Araiza was prima facie eligible and requested a continuance to gather documents.  *Id.* at 70.

The IJ made two rulings that underly the petition here.  First, the IJ denied the continuance request, explaining the "case has been pending for so long" it appeared "more dilatory . . . [than] for good cause."  *Id.* at 86.  Given the January 2018 merits hearing and December 2017 deadline were set in September 2016, the IJ stated Mr.

---

[1] The IJ initially scheduled the merits hearing for December 2016, which the immigration court rescheduled to January 2019.  The IJ then rescheduled the hearing for January 30, 2018.

Araiza had "plenty of time to prepare." *Id.* at 85. The IJ noted Mr. Araiza received notice the merits hearing would proceed despite Ms. Uribe-Reyes's recent withdrawal.[2]

Second, the IJ also determined that, by failing to present supporting documentation during the three years his application was pending, Mr. Araiza had abandoned his application for cancellation of removal.

### 3. BIA Decision

Mr. Araiza timely appealed to the BIA. First, he argued that he had shown good cause for a continuance because lawyer turnover and immigration court scheduling issues impeded his preparation of evidence, and because Ms. Uribe-Reyes's withdrawal gave him a narrow window of 39 days to find counsel before his December 31, 2017 deadline. Second, he argued that his application for cancellation should not have been deemed abandoned because a continuance would have enabled him to provide documentation showing he satisfied the requirements for cancellation of removal.

The BIA affirmed the IJ. First, the BIA agreed "[t]he number of prior continuances and length of time the respondent has been in proceedings are appropriate considerations when assessing whether to continue the hearing" and determined that "[u]nder the circumstances of this case," the IJ properly denied the continuance. *Id.* at 3.

---

[2] The IJ further explained that Mr. Araiza could either "have been prepared for his hearing" or "earlier filed a request for a continuance," instead of "wait[ing] until the very last possible minute and under the expectation that a continuance would be granted." ROA at 86.

4

It further agreed that Mr. Araiza's "decision to replace his counsel immediately before the merits hearing did not constitute good cause for an additional continuance." *Id.*

Second, the BIA determined that Mr. Araiza had failed to file evidence supporting his cancellation application by "the time limit set by the [IJ]" under 8 U.S.C. § 1003.31(c). *Id.* It rejected Mr. Araiza's argument that his "decision to hire new counsel . . . absolve[d] [this] responsibility." *Id.*

Mr. Araiza timely petitioned for review in this court under 8 U.S.C. § 1252(b)(1).

## II. **DISCUSSION**

### A. *Standard of Review*

"We review the BIA's legal determinations de novo and its findings of fact under the substantial evidence standard." *Ramirez-Coria v. Holder*, 761 F.3d 1158, 1161 (10th Cir. 2014) (quotations omitted). When, as here, a single BIA member issues a brief order affirming the IJ, "we may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it," including "the IJ's more complete explanation of [the] same grounds" for the BIA's decision. *Sidabutar v. Gonzales*, 503 F.3d 1116, 1123 (10th Cir. 2007) (quotations omitted).

We apply an abuse of discretion standard when reviewing the BIA's decision to affirm an IJ's denial of a continuance request[3] or to affirm an IJ's dismissal of an

---

[3] *See Luevano v. Holder*, 660 F.3d 1207, 1213 (10th Cir. 2011) (applying abuse of discretion standard to BIA's affirmance of IJ's exercise of discretion to deny petitioner's continuance request under 8 C.F.R. § 1003.29).

application for cancellation of removal.[4] "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Rodas-Orellana v. Holder*, 780 F.3d 982, 990 (10th Cir. 2015) (quotations omitted). But "[t]here is no abuse of discretion when the BIA's rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law, even when the BIA's decision is succinct." *Id.* (quotations omitted).

## B. *Legal Background*

### 1. Continuance

"An [IJ] may grant a motion for continuance only 'for good cause shown,' within [the judge's] sound discretion." *In re Villarreal-Zuniga*, 23 I. & N. Dec. 886, 891 (BIA 2006) (quoting 8 C.F.R. § 1003.29). As "a substantive requirement," 8 C.F.R. § 1003.29 "prohibits [IJs] from granting continuances for any reason or no reason at all." *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 405 (AG 2018).

To show good cause for a continuance "to obtain and present additional evidence," the petitioner must show due diligence. *Matter of Sibrun*, 18 I. & N. Dec. 354, 356 (BIA 1983); *see also Matter of Hashmi*, 24 I. & N. Dec. 785, 788 (BIA 2009) (explaining this is a "high standard"). That is, the petitioner "must make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed

---

[4] *See Ramirez-Coria*, 761 F.3d at 1162 (applying abuse of discretion standard to BIA's affirmance of IJ's exercise of discretion to dismiss petitioner's application for cancellation of removal under 8 C.F.R. § 1003.47(c)).

6

and that any additional evidence he seeks to present is probative, noncumulative, and significantly favorable." *Sibrun*, 18 I. & N. Dec. at 356.

## 2. **Application for Cancellation of Removal**

For cancellation of removal, an IJ "may set and extend time limits for the filing of applications and related documents and responses." 8 C.F.R. § 1003.31(c). An untimely "application or document shall be deemed waived." *Id.* A petitioner's "[f]ailure to file [the] necessary documentation . . . within the time allowed by the [IJ's] order . . . constitutes abandonment of the application," and the IJ may dismiss the application "unless the [petitioner] demonstrates that such failure was the result of good cause." 8 C.F.R. § 1003.47(c); *see also Ramirez-Coria*, 761 F.3d at 1161-63.

### C. *Analysis*

The BIA did not abuse its discretion in affirming the IJ's (1) denial of Mr. Araiza's continuance request and (2) dismissal of his application for cancellation of removal as abandoned. Because the BIA affirmed the IJ in a brief order, we consult the IJ's more complete explanation. *See Sidabutar*, 503 F.3d at 1123.

## 1. **Denial of Continuance**

The IJ determined that Mr. Araiza did not diligently prepare his evidence to proceed with his cancellation of removal application. *See Matter of Sibrun*, 18 I. & N. Dec. at 356-57 (requiring petitioner to make "reasonable showing," based upon "specific articulation of particularized facts and evidence," "that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed"). The IJ therefore concluded that Mr. Araiza had failed to show good cause for a continuance.

The BIA's affirmance of the IJ's order was reasonable.  Like the IJ, it noted the multiple postponements that extended the proceedings from September 2011 to the January 2018 merits hearing.  Although Mr. Araiza argues that only two continuances were granted at his request and that Ms. Uribe-Reyes's withdrawal delayed his preparation, the BIA agreed with the IJ that Mr. Araiza was on notice of his insufficient documentation for a significant amount of time and failed to show "good cause" for another continuance.[5]  We see no abuse of discretion.

2. **Application for Cancellation of Removal Deemed Abandoned**

Under 8 C.F.R. § 1003.31(c), the IJ properly exercised her authority to "set . . . time limits for the filing of applications and related documents."  In the September 2016 hearing, the IJ required Mr. Araiza to provide documents supporting cancellation by December 30, 2017.  Mr. Araiza failed to meet the IJ's deadline and appeared at his merits hearing without the required documentation.  Under 8 C.F.R. § 1003.47(c), Mr. Araiza's failure "constitutes abandonment of the application."  The IJ could dismiss the application unless Mr. Araiza "demonstrate[d] that such failure was the result of good cause."  *Id.*

---

[5] Mr. Araiza contends the IJ improperly referenced cases that do not address the "good cause" standard:  *INS v. Rios-Pineda*, 471 U.S. 444 (1985) and *INS v. Doherty*, 502 U.S. 314 (1992).  But both cases addressed meritless attempts to delay proceedings. *See Doherty*, 502 U.S. at 323 ("[E]very delay works to the advantage of the deportable alien who wishes merely to remain in the United States."); *Rios-Pineda*, 471 U.S. at 448 (determining the petitioners "had delayed departure by frivolous appeals").  The IJ properly applied the good cause standard, and the BIA did not abuse its discretion in affirming the IJ's understanding of the standard as "a correct interpretation of the law." *Rodas-Orellana*, 780 F.3d at 990.

8

The IJ properly deemed his application abandoned because Mr. Araiza could not show good cause. The IJ cited his failure to provide supporting documentation during the more than three years his application was pending.

The BIA's affirmance of the IJ's order was reasonable. It said that Mr. Araiza failed to timely file his supporting documentation and found that nothing—including Ms. Uribe-Reyes's withdrawal—"absolve[d] [his] responsibility" to meet the deadline. ROA at 3. The BIA determined it would "not disturb the [IJ's] decision." *Id.* at 4.[6] Again, we see no abuse of discretion.

---

[6] Mr. Araiza's other arguments are unavailing. First, he argues the BIA misconstrued the record in stating that he failed "to file his application for cancellation," explaining he filed the application in March 2014. But the BIA's wording is consistent with regarding an application as including supporting documents, which Mr. Araiza's did not. Second, he argues the BIA incorrectly cited to *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, which addresses "continuance requests . . . to pursue collateral relief," unlike Mr. Araiza's continuance request to obtain additional evidence for a cancellation of removal application. Although *Matter of L-A-B-R-* arises in a different procedural context, it generally addresses the good cause required for a continuance request, and the BIA reasonably relied on it.

9

## III. **CONCLUSION**

We affirm the BIA's decision affirming the IJ's (1) denial of Mr. Araiza's request for a continuance to file documents supporting his cancellation of removal application and (2) dismissal of his application for cancellation of removal as abandoned. We therefore deny the petition for review.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

10