**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FERNANDO REYES-LUEVANOS,

    Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

    Respondent.

No. 19-9545
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Fernando Reyes-Luevanos, a native and citizen of Mexico, petitions for review

of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from a

decision by an immigration judge (IJ) denying his application for cancellation of

removal under 8 U.S.C. § 1229b.  Exercising jurisdiction under 8 U.S.C. § 1252(a),

we deny the petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

On November 13, 2009, the Department of Homeland Security (DHS) initiated removal proceedings by serving Petitioner with a notice to appear (NTA), alleging he was removable for having stayed beyond the one year allowed under the H-2B visa issued to him in 2003. The NTA provided his initial appearance before an IJ would be at a date and time "to be set." Admin. R. at 912. Five days later, he was served with a notice of hearing (NOH), which specified the date and time for his appearance. At a hearing in June 2010, Petitioner conceded he was removable but requested cancellation of removal. In September 2010, he filed an application for such relief, alleging, among other things, that he had been continuously present in the United States for the preceding ten years, as required by 8 U.S.C. § 1229b(b)(1)(A).

At a hearing before an IJ in 2018, Petitioner testified that he originally entered the United States illegally in 1998, that he travelled to Mexico in 2002 to visit family for approximately thirty days, and that he returned on a work permit, which was "the first time" he had such a permit, *id.* at 134. However, Petitioner's written application listed three departures—March to April 2000, December 2001 to February 2002, and an unspecified duration in 2003—each time for the purpose of visiting family in Mexico and each time returning to the United States on an H-2B visa. When asked to clarify the discrepancies between his application and his testimony, Petitioner stated: (1) with regard to the departure in 2000, he did not "remember," *id.* at 135; and (2) with regard to the departure in 2001, he was "travelling" but "didn't leave the country," *id.* (internal quotation marks omitted). Petitioner acknowledged that he

2

initially testified to one departure and explained that he was "not sure how many times [he] went back to Mexico," *id.* at 159, that he could not "seem to recall them correctly," *id.*, and that he "might have left more than once, maybe twice," *id.* at 160. He later testified that he had "left perhaps two times," *id.* at 183 (internal quotation marks omitted), and that the last time was in 2002. He was unable to explain why his passport indicated he entered the United States in September 2003 after having been issued an H-2B visa a month prior.

The IJ found that the record "includes significant gaps" and that Petitioner's testimony was "equivocal," "shifting," "vague, conflicting, and insufficient to establish by a preponderance of the evidence that he did not have any departures that would cut off his physical presence." *Id.* at 88-90. The IJ found that the departures listed on the application suggest "a potential ground of ineligibility based on a more extended departure" and that Petitioner's "inability to recall the precise chronology here calls into question his entire testimony regarding this time period." *Id.* at 89. The IJ concluded Petitioner failed to carry his burden of showing continuous presence for at least ten years preceding service of the NTA on November 13, 2009. The IJ therefore denied his application for cancellation of removal but granted him voluntary departure.

On appeal to the BIA, Petitioner argued: (1) the IJ erred in not crediting his testimony about his presence in the United States; and (2) his NTA failed to specify a date and time for his hearing and, thus, was deficient under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), which was issued after the IJ's decision. In particular, with

3

respect to his *Pereira* argument, Petitioner contended the putative NTA failed both to confer jurisdiction on the IJ and to trigger the stop-time rule under 8 U.S.C. § 1229b(d)(1)(A) for purposes of his continuous presence in the United States. The BIA found that the IJ's factual findings were not clearly erroneous and that Petitioner's *Pereira* arguments lacked merit based on BIA precedent permitting a two-step process, whereby an NOH can cure a defective NTA. The BIA concluded Petitioner had failed to establish ten years of continuous physical presence prior the service of the NOH on November 18, 2009. Accordingly, the BIA dismissed his appeal. Petitioner timely petitioned this court for review.

## DISCUSSION

Petitioner raises two arguments based on *Pereira*: (1) because the putative NTA failed to specify a date and time, the IJ lacked jurisdiction; and (2) the NOH did not cure the putative NTA and trigger the stop-time rule. We disagree with his first argument, and although we agree with the second, we conclude a remand is not necessary.

### I.     Standard of Review

"We review the BIA's legal determinations de novo and its findings of fact under the substantial evidence standard." *Ramirez-Coria v. Holder*, 761 F.3d 1158, 1161 (10th Cir. 2014) (internal quotation mark omitted). When, as here, a single BIA member issues a brief order affirming the IJ, "we may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it," including "the IJ's more complete

4

explanation of [the] same grounds" for the BIA's decision. *Sidabutar v. Gonzales*, 503 F.3d 1116, 1123 (10th Cir. 2007) (internal quotation marks omitted).

## II. Analysis

"An alien seeking relief from removal bears the burden of establishing he satisfies the eligibility requirements and merits a favorable exercise of discretion." *Gutierrez-Orozco v. Lynch*, 810 F.3d 1243, 1246 (10th Cir. 2016) (internal quotation marks omitted). Under 8 U.S.C. § 1229b(b)(1), an alien subject to removal may apply to have the removal cancelled if he can show, among other things, ten years of continuous physical presence in the United States "immediately preceding the date of such application." *Id.* § 1229b(b)(1)(A). Continuous physical presence requires that the alien not have left "the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days." *Id.* § 1229b(d)(2). In addition, the period of continuous physical presence is "deemed to end . . . when the alien is served a notice to appear under section 1229(a)." *Id.* § 1229(d)(1)(A). Section 1229(a) lists the required contents of an NTA, which includes "[t]he time and place at which the [removal] proceedings will be held." § 1229(a)(1)(G)(i).

In *Pereira*, the Supreme Court addressed whether service of a putative NTA that "fails to specify either the time or place of the removal proceedings . . . trigger[s] the stop-rule" under § 1229(d)(1)(A). *Pereira*, 138 S. Ct. at 2110. The Court concluded "[t]he answer is as obvious as it seems: No." *Id.* The Court held that a putative NTA that failed to designate the time or place of removal proceedings as specified by § 1229(a) was "not a notice to appear under section 1229(a)."

5

*Id.* (internal quotation marks omitted). Such a notice therefore did "not trigger the stop-time rule" ending the period of continuous presence in the United States for purposes of an application for cancellation of removal. *Id.*; *see also id.* at 2113-14.

Petitioner first contends his NTA failed to confer jurisdiction on the IJ because it lacked a date and time and, thus, was not a valid NTA under *Pereira*. He also contends "[a] putative NTA which lacks the time or place information is deprived of [its] essential function as a charging document," Apt. Opening Br. at 21, and, thus, "is insufficient to vest jurisdiction with the Immigration Court under 8 C.F.R. § 1003.14(a)," *id.* at 23. But these jurisdictional arguments are firmly foreclosed by our decisions in *Martinez-Perez v. Barr*, 947 F.3d 1273 (10th Cir. 2020), and *Lopez-Munoz v. Barr*, 941 F.3d 1013 (10th Cir. 2019).

In *Lopez-Munoz*, we held "8 C.F.R. § 1003.14 does not establish immigration judges' jurisdiction." *Id.* at 1016. We also rejected application of *Pereira* to this context, explaining that "§ 1229(a) is non-jurisdictional," *id.* at 1017, and that *Pereira* was not "an implicit pronouncement on an immigration judge's jurisdiction," *id.* at 1018. We later "follow[ed] the lead of *Lopez-Munoz* and join[ed] the overwhelming chorus of our sister circuits that have already rejected similar *Pereira*-based challenges." *Martinez-Perez*, 947 F.3d at 1278 (internal quotation marks omitted). In particular, we explained "the requirements relating to notices to appear are non-jurisdictional, claim-processing rules." *Id.* Accordingly, "[w]hile Petitioner's notice to appear was defective" because it lacked a date and time, "that did not divest the Immigration Court of jurisdiction." *Id.* at 1279.

6

Petitioner's second *Pereira* argument is that the BIA erred in permitting a two-step process to the stop-time rule. Relying on *In re Mendoza-Hernandez*, 27 I. & N. Dec. 520, 535 (BIA 2019), the BIA concluded Petitioner's deficient NTA was perfected by the NOH containing the information missing from the NTA, thereby triggering the stop-time rule and terminating his period of continuous presence. We recently rejected the reasoning in *Mendoza-Hernandez* and held "the stop-time rule is triggered by one complete notice to appear rather than a combination of documents." *Banuelos-Galviz v. Barr*, 953 F.3d 1176, 1178 (10th Cir. 2020); *see also id.* at 1180 (holding "the stop-time rule is not triggered by the combination of a defective notice to appear and a notice of hearing"). The BIA therefore erred in concluding that the NOH triggered the stop-time rule and that Petitioner needed to show continuous physical presence prior to service of the NOH on November 18, 2009.

Nevertheless, we decline Petitioner's request to remand this matter to the BIA because the result would not be any different and Petitioner has not argued otherwise. *See Nazaraghaie v. INS*, 102 F.3d 460, 465 (10th Cir. 1996) (applying harmless error). The BIA agreed with the IJ that Petitioner's "testimony regarding his departures was vague and conflicting" and that he failed to establish that the departures listed on his application did "not cut-off the requisite length of continuous physical presence." Admin. R. at 4.

7

In particular, Petitioner noted in his application that he left in December 2001 and returned in February 2002.[1] But he failed to provide specific dates, and thus, as the IJ noted, this departure could have been as long as ninety days. And with his 2003 departure, Petitioner failed to list even the months when he left and returned. Although Petitioner's passport indicated he entered the United States in September 2003, the IJ found that Petitioner "was unable to confirm that he did, in fact, leave the country in 2003" and that "[i]t is . . . unclear how long [he] was gone from the United States" during that time. *Id.* at 90. Petitioner has not contested these findings and therefore has waived any challenge to them. *See Krastev v. INS*, 292 F.3d 1268, 1280 (10th Cir. 2002) ("Issues not raised on appeal are deemed to be waived.").

Accordingly, Petitioner failed to establish that he did not depart "the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days" between September 24, 2000, and his application date of September 24, 2010. 8 U.S.C. § 1229b(d)(2).[2] Therefore, notwithstanding the BIA's error in applying the stop-time rule, it is unnecessary to remand this matter.

---

[1] Petitioner also listed a departure in March 2000, but that was more than ten years prior to his application in September 2010, *see* 8 U.S.C. § 1229b(b)(1)(A).

[2] Petitioner derided as "novel" Respondent's claim that he needed to show ten years of continuous presence prior to his application, insisting instead that he has accumulated "ten years of continuous physical presence since the initiation of proceedings and throughout the appeals process." Aplt. Supp. Br. at 6. But the statute plainly requires ten years of continuous physical presence "immediately preceding *the date of such application*." 8 U.S.C. § 1229b(b)(1) (emphasis added).

**CONCLUSION**

The petition for review is denied. Petitioner's unopposed motion for leave to file a supplemental brief addressing the impact of *Banuelos-Galviz* is granted.[3]

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[3] The court has reviewed Petitioner's supplemental brief, which was attached to his motion, as well as the parties' letters under Fed. R. App. P. 28(j), addressing the impact of *Banuelos-Galviz* on this appeal.